249 P.2d 943

DELK v. INDUSTRIAL COMMISSION et al.

No. 5626.

Supreme Court of Arizona.

Nov. 10, 1952.

Locklear & Wolfinger, Prescott, for petitioner.

Robert W. Pickrell, Phoenix, for respondent Industrial Commission of Arizona, H. S. McCluskey and Robert E. Yount, Phoenix, of counsel.

DON T. UDALL, Superior Court Judge.

Petitioner Genevieve Gore Delk has, by certiorari, brought before us for review an award of The Industrial Commission of Arizona denying her compensation. The facts upon which the award is based are not in dispute and may be stated as follows:

Petitioner is the widow of Thed Delk, herein called decedent. The parties were married in the year 1931 and lived together continuously as husband and wife until his death on August 20, 1951. They have no children. Their home at the time of his death was on a ranch about two and a half miles north of the Skull Valley Store in Skull Valley, Yavapai County, Arizona.

The decedent became a livestock inspector for the Livestock Sanitary Board of the State of Arizona in the year 1938, and had worked for the state continuously from that date until his death. His district extended from the mountains north and east of Skull Valley to the desert on the south and into Mohave County on the west. The town of Bagdad, Arizona was included therein. On the date of his fatal accident, the decedent was called on official business to Bagdad where he made routine inspections and attended to other business as specifically directed by officers of the Sanitary Board. Decedent was accompanied by his wife and upon their return trip home, late in the afternoon of that day, they left the new main highway and detoured to an establishment known as "Pike's Place" located on a parallel mile section of the old road formerly in use between Bagdad and Skull Valley. The old and new roads divide at a Y about one-half mile west of Pike's Place; thereafter, the old road rejoins the new road about one-half mile further east of this tavern. The old road was passable, at the time of the accident, and could be traveled safely at a slow speed. There is no cut-off road leading directly north from Pike's Place to the new road, and it is evident that after the decedent and his wife had stopped for a rest period of some two or three hours' duration at Pike's Place they had to continue east on the old road or else return west to the Y in order to get back onto the main highway. The Delks left Pike's Place sometime after dark and had only traveled a short distance east on the old road, with which decedent was evidently not too familiar, when their car suddenly went off the embankment as it came onto a section of the road damaged by storm that afternoon. The car rolled over, killing Inspector Delk and rendering petitioner unconscious. The Delks and the wrecked car were not discovered until the following day. At an inquest it was determined by the coroner of the Bagdad Precinct that the decedent had died as a result of the automobile accident.

The evidence further discloses that a livestock inspector may set his own traveling hours; that salaries of said inspectors vary over the state dependent upon the amount of work they have to do; that mileage, as such, is not paid but the amount of travel involved and the number of cattle inspected in his district is reflected in the salary paid the inspector.

The Commission contends that the decedent made a departure from his employment by taking the old road and stopping at "Pike's Place"; that he departed from the main, safe highway for his own personal pleasure, thereby meeting his death on a dangerous route on which he had placed himself.

It is the petitioner's position that decedent was traveling the highway, at the time and place he was fatally injured, in the furtherance of his employer's business; and that the findings and order of the Commission denying compensation because he was not in line of duty are not supported by the evidence.

In the case of Butler v. Industrial Commission of Arizona, 50 Ariz. 516, 73 P.2d 703, this court held in effect that if an employee was required by his employer to perform services away from his place of employment which necessitated his traveling over a public highway out of his regular hours of employment, and an accident occurred as a result thereof, he was entitled to compensation.

Again, in the recent decision handed down by this court in the case of Strauss v. Industrial Commission, 73 Ariz. 285, 240 P.2d 550, 553, wherein the fact situation revealed that the employee was injured while traveling in line of duty and that the accident occurred five blocks north of where he would have been had he taken the most direct route home, we held:

"The question which now presents itself is, did the employee enlarge the hazards in not taking the shortest route home? In other words, had he abandoned his employment for the time being for purposes of his own? We are convinced that each of these questions must be answered in the negative. We reach this opinion after taking into consideration all the circumstances surrounding the employment. Mr. Strauss practically had carte blanche authority and was required to devote all of his energies to promoting the business of his employer and due to the inherent characteristics of the business was required to work both off and on the premises at any and all hours. No express limitations to streets or routes had been placed upon his going and coming to and from home or to places where he expected to conduct business. The reasonable inferences to be drawn from the course of conduct of the business suggest that Mr. Strauss was not limited or restricted to any particular street or the shortest route home or

place of business appointment. We are of the opinion that in selecting the route to be traveled to keep the business engagement with Mr. Orean, this employee was not limited or restricted to proceed on the most direct route in order to be within the protection afforded by the compensation act. To hold that an employee circumstanced as was Mr. Strauss should travel only after due deliberation and reckoning and at his own peril should it be later determined that he was in error would be unreasonable and contrary to the spirit of the Workmen's Compensation Act."

The facts in the case before us are somewhat similar to those related in the Strauss case, supra. However, it may be observed that in the present case the old road and new road were parallel and of an equal distance and therefore decedent did not actually deviate from a direct route in his travel between Bagdad and his home by stopping at Pike's Place. The fact that the decedent was a livestock inspector with permission and direction from the Sanitary Board to travel and inspect in all areas of his particular district should be taken into consideration as further grounds for the decedent going by Pike's Place. If the petitioner and decedent stopped at Pike's Place for a rest period enroute to their home from a business trip, such stop is contemplated by the Workmen's Compensation Act, A.C.A.1939, § 56–901 et seq., and will not be disapproved by this court. The very nature of his duties as livestock inspector called for the decedent to travel on side roads and trails, and sometimes it may have been necessary for him to blaze new trails in going to and from points in his district in connection with the discharge of his duties. Therefore, if, as here, an inspector is killed or injured while traveling in line of duty in his district, his death or injury is compensable under the Workmen's Compensation Act, even though he may be traveling an old road in preference to backtracking in order to get on a new road, and we in effect so held in the Strauss case, supra.

We therefore hold that decedent's injury and subsequent death arose out of and in the course of his employment, and the Commission's finding to the contrary is not supported by the evidence.

Award set aside.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.

PHELPS, J., being unable to take part in the case, the Honorable DON T. UDALL, Judge of the Superior Court of Navajo County, participated in his stead in the determination of this appeal.