482 P.2d 481

Franklin FRIESNER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Marshall C. Christy (Continental Rent-A-Car), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 492.

Court of Appeals of Arizona, Division 1, Department A.

March 18, 1971.

Charles M. Brewer, James D. Lester, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Donald L. Cross, former Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, by R. Kent Klein, Phoenix, for respondent carrier.

STEVENS, Presiding Justice.

The issue before this Court is whether The Industrial Commission of Arizona abused its discretion in finding that the claimant failed to sustain his burden of proof in support of his contention that there was a causal relationship between his industrially related accident and the convulsive disorders, commonly called epilepsy, which later developed.

Just prior to his 19th birthday, and on 3 February 1963, the petitioner was involved in an automobile accident. The visual result was a 3½ inch laceration on his right forehead. A claim was filed with The Industrial Commission of Arizona and it was accepted as an industrial responsibility. The Commission paid a

small sum for medical benefits. The petitioner elected to sue the third-party tortfeasor. The civil action was compromised for $835.09, a compromise which was approved by the Commission. The financial outlay which had been incurred by the Commission was repaid. On 19 June 1963 an award was entered closing the claim with a finding of no permanent disability causally related to the accident.

In August 1963 the petitioner experienced his first seizure. Thereafter he selected his present counsel who filed a petition to reopen on 29 November 1966. To enable the Commission to determine whether the claim should be reopened, the petitioner was sent to William B. Helme, M.D., a neurosurgeon. There was a formal hearing which was held on 31 March 1970. Dr. Helme was the only medical witness and was the first witness to testify. Dr. Helme's examination confirmed an earlier examination by another doctor which demonstrated:

"* * * an extremely large complicated bilateral cerebral vascular malformation."

This condition could not have been caused by the 1963 accident and the issue presented was whether the accident aggravated or accelerated the condition. Dr. Helme testified that the petitioner's underlying condition had probably been in development throughout the petitioner's life and that:

"[a] person's whose cerebral blood vessels are abnormal, I think, is unusually susceptible to a head injury."

The doctor based his opinion upon the history of the plaintiff as that history was known to the doctor. Construing the medical evidence in the light most favorable to sustaining the award, it is our opinion that the following quotation from Dr. Helme's testimony is a reasonable résumé thereof.

"* * * there is a lot of speculation involved. About all I can say, I guess, is that there is a possibility that the accident aggravated the problem."

The referee, whose report was purely advisory under the law prior to 1 January 1969, recommended an award favorable to the petitioner. The Commission had the responsibility of the final decision. Its review of the file is reflected in longhand notations by the Commissioners indicating the opinion of the Commissioners to be that the petitioner had not sustained his burden of proof, and an award denying the reopening was accordingly entered. It is the last-mentioned award which is before us for review.

In our opinion the observations of the Commissioners and the award entered by them are sustained by the medical evidence.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.