513 P.2d 383

**Jasper MARTIN, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City of Phoenix, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. I CA–IC 843.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 23, 1973.

Finn, Finn & Wilkes, Ltd. by Galen H. Wilkes, and Elizabeth R. Finn, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondents employer and carrier.

OGG, Judge.

This case is before us on a petition for a writ of certiorari to review a final award of The Industrial Commission of Arizona finding that petitioner Jasper Martin had a

temporary disability until November 5, 1971 and a permanent partial disability from that date amounting to a 20% functional loss of the use of his left leg.

Petitioner, who was employed as a sanitation worker with the City of Phoenix, suffered an industrial injury on July 29, 1970 when the sanitation truck on which he was riding collided with another truck owned by the City. Petitioner sustained an open comminuted fracture of the lower section of his left leg.

Following a lengthy course of treatment, petitioner was discharged by the treating orthopedic surgeon, Dr. Robert A. Johnson, on November 5, 1971 with a permanent partial disability. Petitioner thereupon filed a request for hearing with the Commission, alleging that his condition was not stationary, that he still required medical care and that the injury was unscheduled. Subsequent to his discharge by Dr. Johnson, petitioner was examined by Dr. Sam Schwartz, another orthopedic surgeon.

Dr. Johnson testified at the hearing that he found the condition of the left leg to be stationary and that there were no apparent medical complications with petitioner's right hand although he had complained of a progressive weakening. Dr. Schwartz testified that four months later he examined the petitioner and found that the left leg was approximately ¾ inch shorter than the right leg; a degree of osteoporosis and insufficiency in the injured leg that was not stationary; atrophy of the gluteal muscles; denervation atrophy and loss of strength of the right hand.

The hearing officer determined that the testimony of the experts presented a conflict which he resolved in favor of the carrier.

Petitioner presents three questions for review:

1. Was the decision of the hearing officer arbitrary in that it ignored sworn medical evidence of a later examination in favor of a report made four months earlier?

2. Was the atrophy of the petitioner's hand directly related to the industrial injury and should the award have been unscheduled?

3. Did determination of disability by defendant's expert measure all aspects of the injury?

Petitioner's first contention is that there is no real conflict between expert opinions because Dr. Schwartz' examination occurred four months after petitioner was released by Dr. Johnson and the hearing officer has an obligation not to ignore the subsequent examination and findings of appellant's expert. Olivas v. Industrial Commission, 16 Ariz.App. 543, 494 P.2d 743 (1972).

In Olivas, the petitioner was examined by a board of consultants and her condition was determined to be medically stationary. Two months later she was treated by a chiropractor who testified that she was experiencing continuing spasms of the neck and that her condition was not stationary. Despite this testimony the hearing officer relied upon the previous report of the consultation board and found her condition stationary. On appeal this court held that under the circumstances the Commission had an obligation not to ignore all the sworn evidence by the chiropractor where such testimony was uncontradicted. Accordingly the award was set aside.

The case before us presents quite a different situation. In Olivas the only expert who testified was petitioner's; here, both experts testified at the hearng. Second, the report of the consultation board was not couched in terms of a reasonable medical certainty but rather as to the "feelings" of the board. Here, both experts testified in terms of a reasonable medical certainty. Third, in Olivas, the court found no reasonable evidence on which to sustain the award. We have direct testimony from Dr. Johnson which is diametrically opposed to that of Dr. Schwartz.

The case before us thus presents a genuine conflict of medical evidence. Where expert testimony is in conflict, the Commission is at liberty to determine which testimony is more probably correct and its conclusion will not be disturbed unless it is wholly unreasonable.

Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Brooks v. Industrial Commission, 92 Ariz. 302, 376 P.2d 769 (1962); Goldman v. Industrial Commission, 20 Ariz.App. 252, 511 P.2d 696 (filed July 10, 1973); Smiles v. Industrial Commission, 2 Ariz.App. 167, 406 P.2d 885 (1965).

Petitioner Martin next contends that his hand injury was directly related to the industrial injury and an unscheduled award should have been granted. While it is questionable from the testimony presented whether petitioner actually had medical difficulties with his right hand, we will assume for the purposes of this appeal that he did.

Dr. Schwartz gave the following testimony in regard to the causal connection between the accident and the hand injury:

"A. I think at the time of the injury the patient sustained more than just a fracture, crush fracture, of the left leg. I don't see how a person can be crushed that way without violently trying to protect himself with his upper extremities. I don't see how he could have that severe an injury without minor secondary injuries.

Q. Okay. Now, let's stop there for a second. Were you given a history that he tried to protect himself with his arms or in any way used his arms?

A. No.

Q. I see; so then there is a supposition on your part that this is what happened.

A. Yes."

From the above testimony and the remainder of the record, we are compelled to agree that the causal link between the accident and purported hand injury is speculative at best and the petitioner has not sustained his burden of proof on that question. Helmericks v. Airesearch Mfg. Co.,

88 Ariz. 413, 357 P.2d 152 (1960); Friesner v. Industrial Commission, 14 Ariz.App. 232, 482 P.2d 481 (1971).

■ Petitioner also contends that the determination of disability by Dr. Johnson did not measure all aspects of the injury. We find this contention cannot be sustained for the record discloses that both doctors examined the petitioner for the various disabilities complained of, although each used different methods.

The award is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.