556 P.2d 1131

Elaine D. GUROVICH, widow of Welko W. Gurovich, Deceased, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Department of Corrections, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 12786–PR.

Supreme Court of Arizona,
In Banc.

Nov. 5, 1976.

Cavness & DeRose by Marc C. Cavness, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for respondents employer and carrier.

CAMERON, Chief Justice.

We granted a petition for review of a memorandum decision of the Court of Appeals, Division One, which denied the petitioner-widow death benefits as the result of the death of her husband, Welko W. Gurovich.

We must answer only one question and that is whether the deceased employee's accident while on a return trip to his employment was within the course and scope of his employment at the time of his death.

The facts necessary for a determination of this matter on appeal are as follows. Deceased was employed as Director of Youth Services for the Arizona Department of Corrections. Part of his duties included inspection of youth correctional facilities located throughout the State. On 14 February 1973, a State holiday (Admission Day), deceased, accompanied by his wife, made an official visit to a correctional facility near Mayer, Arizona. After stopping at his office in Phoenix, they proceeded to Mayer by the most direct route traveling on Interstate 17 to Arizona State

Highway 69, hence to the Hackberry Creek Ranch, a state licensed foster home for juvenile offenders. Mayer is about 75 miles from Phoenix. After spending approximately an hour at the ranch, deceased and his wife left for home.

Instead of returning to Phoenix the same way, by Highway 69 to Interstate 17, they decided to take a different return route. They drove northwest on State Highway 69 towards Prescott and away from Phoenix to the Prescott Country Club, then back to Dewey, Arizona, on Highway 69. Dewey is north and west of Mayer. From Dewey to Interstate 17, the normal and most direct route would have been to continue on State Highway 69 to Interstate 17. Instead, at Dewey they turned east on a secondary road which would intercept Highway 17 at the end. This circuitous route was approximately 13 miles longer, over an unpaved road with a two-mile gap under construction, than the most direct route from the correctional facility to Phoenix. At the point where the road was under construction, it became necessary to follow one of the forestry roads around the two-mile gap. While on the forestry road, the car became stuck in the mud as the result of recent rains. In attempting to extricate the automobile by pushing and scooping away the mud, the deceased over-exerted himself and sustained a coronary occlusion which caused his death. The findings support the fact that the deceased's labors in attempting to get his car out of the mud precipitated his coronary occlusion. Neither is there any question that the trip to the correctional facility near Mayer related to his employment.

From a decision of the Industrial Commission in denying widow's benefits, the widow-petitioner sought review by the Court of Appeals, Division One, which decision was affirmed with a memorandum decision, Rule 48, Rules of the Supreme Court, and we granted the widow-petitioner's petition for review.

■ Generally, a deviation from a business trip for purely personal reasons takes an employee out of the course and scope of his employment. See 1 A. Larson, The Law of Workmen's Compensation, § 19, p. 4–216 (1972). It does not follow, however, that every deviation will result in a denial of workmen's compensation coverage, and the question is whether, under all the circumstances, the deviation is sufficiently substantial to take the workman out of the course and scope of his employment. An employee, for example, is not required, absent specific directions from the employer, to go to and from the business destination by the most direct route. *Strauss v. Industrial Commission,* 73 Ariz. 285, 240 P.2d 550 (1952); *Ortega v. Ed Horrell & Son,* 89 Ariz. 370, 362 P.2d 744 (1961). In *Delk v. Industrial Commission,* 74 Ariz. 378, 249 P.2d 943 (1952), for example, a livestock inspector was on an official inspection trip. His wife accompanied him. On the way home from the trip, they deviated from a new highway into an old road for the purely personal purpose of stopping at a tavern. After spending some two or three hours at the tavern, they continued along the old road which was parallel to the main road. The car went off the embankment resulting in the death of Delk. The Industrial Commission denied compensation and this court set aside the holding of the Industrial Commission, stating:

> "Therefore, if, as here, an inspector is killed or injured while traveling in line of duty in his district, his death or injury is compensable under the Workmen's Compensation Act, even though he may be traveling an old road in preference to backtracking in order to get on a new road * * *." *Delk v. Industrial Commission,* supra, 74 Ariz. at 381, 249 P.2d at 945.

■ The Arizona cases follow the rule that once an employee resumes a direction which will take him back to his business-related destination, he is presumed to be back in the course and scope of his employment even if, at the time of the accident, he has not returned to the route he

would have followed had there been no deviation.

An example of the rule is a case wherein the deceased was a soil cement engineer who traveled the State of Florida consulting with contractors and engineers and promoting the sale of cement for his client the Portland Cement Association. He customarily made out his reports where he was staying after the evening meal. On the evening in question, the deceased was staying near Daytona, Florida, and after the evening meal, he was returning to his cottage by a more scenic road rather than by the regular highway. He went too far along the beach, past his regular turn-out, and got stuck in the sand trying to get back to the highway by way of another turn-out. His wife and daughter went to find some lumber or debris to put under the car for traction while deceased jacked up the backend of the car. When the mother and daughter returned, they found the car had fallen upon the employee which resulted in his death.

In affirming an award of the State Board of Workmen's Compensation the Georgia court stated:

"It may be conceded under the facts before us, however, that if Herndon proceeded intentionally past the turn-out to his temporary home, where he was to finish his day's work, and proceeded intentionally a distance down the beach for his personal pleasure alone, such acts would constitute a temporary departure from his employment. Whether or not he found himself at some distance below the proper turn-out intentionally, rather than by inadvertence, does not conclusively appear from the evidence. In any case it does not change the issues, for the moment Herndon stopped his automobile and attempted to turn back, for the purpose, among others, of making out his daily reports, and of placing his employer's automobile which had been entrusted to him in a safe place for the night, he again resumed the duties of his employment, and was so engaged when he met his death. * * *" *London Guarantee & Accident Co. v. Herndon,* 81 Ga.App. 178, 181, 58 S.E.2d 510, 512 (1950).

We do not consider what would be the result had the accident occurred while the deceased was on the road to Prescott away from the Dewey-Phoenix route. That would merely be one factor in considering whether there has been such a sufficiently substantial deviation so as to take the employee out of the course and scope of his employment. In the instant case, the employee was returning to Phoenix at the time of the accident and like *Delk* and *Herndon,* supra, he had resumed his trip back to Phoenix as contemplated by his employment, and was, under the uncontroverted facts of the instant case, in the course and scope of his employment.

The award of the Industrial Commission is set aside, and the decision of the Court of Appeals, Division One, is vacated.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.