575 P.2d 354

Earl BERGSTRESSER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Western Greyhound Lines, Division of Greyhound Lines, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA-IC 1679.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 5, 1978.

**156**

Philips & Taylor, Richard E. Taylor, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Don F. Schaar, Phoenix, for respondents employer and carrier.

## OPINION

OGG, Presiding Judge.

The sole issue presented in this review of an award of the Industrial Commission is whether the hearing officer abused his discretion in denying the employee's claim for one pint of whiskey a day as supportive care pursuant to A.R.S. § 23–1065.

On January 1, 1967, the appellant/employee Earl Bergstresser was injured in the course of his employment at Western Greyhound Lines, and the Industrial Commission awarded him an unscheduled permanent partial disability. The employee thereafter filed an undated petition for supportive care. This request was denied by the Commission on March 5, 1976, and the employee requested a review of that decision. At the hearing the employee's treating physician, Joseph H. Reno, M.D., testified, as did Thomas H. Taber, M.D., an orthopedic surgeon. Based on all of the testimony admitted, the hearing officer entered an award on October 22, 1976, denying the request for supportive care. After the hearing officer affirmed his decision on review the matter was brought before this court by special action.

The supportive care statute, A.R.S. § 23–1065, provides that it is within the discretion of the Industrial Commission to award supportive medical benefits to be paid from a special fund. The Commission, however, cannot arbitrarily disregard the uncontradicted testimony of expert medical witnesses. *Gomez v. Industrial Commission*, 72 Ariz. 265, 233 P.2d 827 (1951). The pivotal questions for determination are whether the expert medical testimony was in conflict; if so, whether the hearing officer acted reasonably in resolving the conflict.

The facts indicate that Dr. Reno determined that the employee was experiencing great pain as a result of the 1967 injury and was allergic to codeine, morphine and demoral—the pain relievers the doctor initially prescribed. As a result, Dr. Reno advised the employee in January, 1973, to drink one pint of whiskey per day to reduce his pain.

The testimony of Dr. Taber is inconsistent with that of Dr. Reno regarding the cause of pain and the treatment to be used. A fair interpretation of Dr. Taber's testimony is that he believed the employee's present condition, to a reasonable medical certainty, was the result of osteoporosis and

osteoarthritis of his spine, not the industrial injury. Furthermore, while Dr. Taber did not think an alcohol treatment was inherently improper, he believed it was utilized prematurely in this case. The doctor stated that although alcohol does have some benefits as a pain reliever, it should be used only as a last alternative and that other drugs for the control of pain such as darvon, percodan, dilaudid, florinal and ponstel are available and have not yet been tested by the employee. The doctor concluded that before alcohol is prescribed the employee should be put on a program of trial and error to find what combinations of these medications may benefit him.

 There is thus a variance of opinion between Drs. Reno and Taber regarding the cause of the pain and whether alcohol was the proper treatment in this situation. We note that it is well established law in Arizona that on appeal this court must view the evidence in a light most favorable to upholding an award of the Industrial Commission, *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972); *Valdon v. Industrial Commission*, 103 Ariz. 547, 447 P.2d 239 (1968), and the petitioner has the burden of demonstrating that the Commission was in error. *Floyd Hartshorn Plastering Co. v. Industrial Commission*, 22 Ariz.App. 603, 529 P.2d 1197 (1974). In a conflict in evidence, this court must affirm the Commission's award if it is supported by any reasonable theory of evidence, even if we would have decided the case differently had we been the trier of fact. *State Compensation Fund v. Mohrman*, 18 Ariz. App. 447, 503 P.2d 405 (1972). Where expert medical testimony is in conflict, the Commission is at liberty to determine which testimony is more probably correct and its conclusion will not be disturbed unless wholly unreasonable. *Martin v. Industrial Commission*, 20 Ariz.App. 376, 513 P.2d 383 (1973).

 In view of the discretion granted the Industrial Commission in awarding supportive care, the presumptions favoring its awards, and the fact that the medical experts were in conflict about the cause of the employee's condition and whether alcohol was the proper treatment, we cannot say that the Commission acted outside its authority in denying the employee's claim for a daily pint of whiskey as supportive care. We note that our decision is limited to the issue of whether the hearing officer acted reasonably. We are not precluding the use of alcohol as a pain reliever in the proper situation.

 Finally, the employee argues that despite any conflict in the medical testimony, he acted reasonably in following his doctor's advice and he had no duty to seek another medical opinion. He concludes that he is entitled to compensation. However, as noted above, supportive care payments from the special fund are not a matter of right but within the sound discretion of the Industrial Commission. Any financial hardship suffered by the employee in relying on supportive care benefits could have been eliminated by promptly filing a claim at the time Dr. Reno prescribed the alcohol. The Commission could then have resolved this issue before any expenditures were made. Instead, the employee waited three years to file a claim. In this situation we do not think the Commission acted unreasonably in denying supportive care benefits.

The award of the Industrial Commission is affirmed.

SCHROEDER and DONOFRIO, JJ., concur.