621 P.2d 49

**GREENLAW JEWELERS, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Nathan G. Morris (Deceased), Toni M. Morris (Widow), Timothy Lee Morris (Minor Child), Respondent Employee.**

No. 1 CA–IC 2391.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 4, 1980.

Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for petitioner employer and petitioner carrier.

Calvin Harris, Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, for respondent employee.

## OPINION

OGG, Chief Judge.

This is an appeal from an award of the Industrial Commission finding that an employee's injuries did arise out of and in the course of employment. The petitioners, employer and carrier, contend that the award is not supported by the evidence. We disagree and affirm the decision of the Industrial Commission.

The facts necessary for a determination on this matter are as follows. Nathan Morris was President of Allied Jewelers, Inc. Allied had various inter–relationships with enterprises in which Morris was involved, including the defendant employer, Greenlaw Jewelers. Greenlaw Jewelers, a fine jewelry store located in Flagstaff, was owned by Allied. Morris was employed by Greenlaw and made weekly out–of–town trips to Albuquerque, Dallas and Phoenix by buy merchandise for resale at Greenlaw.

On December 27, 1978, Morris was advised by the manager and assistant manager of Greenlaw Jewelers that certain kinds of jewels were needed by the store. Thereafter, Morris departed from the Flagstaff airport in an aircraft owned by and registered to Allied Jewelers. He flew to Albuquerque, where he stayed for two days. On the morning of December 29, 1978, Morris left Albuquerque and flew to Phoenix. In the late afternoon of the 29th, Morris commenced his flight back to Flagstaff, arriving in the vicinity of the Flagstaff airport around 6:30 p. m. While attempting to land his plane at the Flagstaff airport, his plane accidentally crashed. Morris, the sole occupant, was instantly killed. At the site of the crash, numerous small stones were found which appeared to be diamonds needed for the Greenlaw business.

Morris' survivors filed a claim for workmen's compensation benefits and compensation was denied by the defendant insurance carrier. The respondent widow timely filed a request for a hearing. The administrative law judge found that Morris' trip from Flagstaff to Albuquerque was for business relating to Greenlaw. This finding was based on the fact that stones thought to be diamonds were found at the crash site and that Morris' activities in Phoenix did not allow time for him to contact anyone concerning the purchase of the stones. The administrative law judge, however, found that the evidence concerning Morris' trip from Albuquerque to Phoenix established that it involved business unrelated to that of Greenlaw Jewelers. Nevertheless, the administrative law judge concluded that at the time of the accident, Morris had completed his diversionary trip and arrived at the Flagstaff airport, a "common point" of destination. Therefore he was acting in the course and scope of his employment.

The decision to award workmen's compensation was affirmed upon review, and this petition for special action was perfected pursuant to Rule 10 of the Rules of Procedure for Special Action.

This court will consider the evidence in a light most favorable to sustaining the award and the Commission's findings must be sustained if reasonably supported by the evidence. *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972). Where the hearing officer has resolved a conflict in the evidence, the court of appeals must affirm the award if it is supported by any reasonable theory of the evidence, even if the court would have decided the case differently had it been the trier of fact.

*Bergstresser v. Industrial Commission*, 118 Ariz. 155, 575 P.2d 354 (App.1978).

■ A.R.S. § 23–1021(A) provides that: "Every employee . . . who is injured . . . by an accident arising out of and in the course of his employment . . . shall be paid . . . compensation. . . ." To "arise out of the employment", an injury must result from a risk of the employment. To "arise in the course of the employment", an injury must have occurred in the time, place and circumstances of the work environment. *Royall v. Industrial Commission*, 106 Ariz. 346, 476 P.2d 156 (1970); *Hartford Accident and Indemnity Company v. Industrial Commission*, 126 Ariz.App. 309, 614 P.2d 851 (1980). In the present case there is no question that the injury arose out of the employment if in fact it arose in the course of the employment.

Petitioner argues that the respondent widow failed under the dual purpose doctrine to prove that the deceased was acting within the course of his employment. The dual purpose doctrine states that:

> If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. If however, the work has had no part in creating the necessity of travel, if the journey would have gone forward though the business errand had been dropped . . . the travel is then personal and personal the risk.

*Kriese v. Industrial Commission*, 27 Ariz. App. 318, 320, 554 P.2d 914, 916 (1976), quoting *Marks' Dependents v. Gray et al.*, 251 N.Y. 90, 167 N.E. 181, 183 (1929). *See* A. Larson, Workmen's Compensation Law, § 18.12 (1972).

■ In the present case, the record permits the inference that the trip to Albuquerque would have been made regardless of whether Morris had private errands in either Albuquerque or Phoenix. The record indicates that Mr. Morris' work created the necessity for travel. It was established that Morris functioned as a buyer of gems and stones for Greenlaw, and that Morris frequently conducted his buying activities in Albuquerque. Upon hearing of the need for certain gems and stones by Greenlaw Jewelers, Morris promptly headed for Albuquerque using a customary method of transportation. That Morris purchased the gems and stones in Albuquerque is further supported by the fact that such gems and stones were found at the crash site, and Morris did not have sufficient time in Phoenix to purchase them there. Nothing in the record permits the inference that the trip to Albuquerque would have been cancelled if the private errand in Phoenix had been cancelled.

■ Having concluded that the deceased was primarily on a business trip, we must now consider whether on traveling to Phoenix he abandoned or so deviated from his employment as to preclude compensability. Arizona courts follow the rule that once an employee resumes a direction that will take him back to his destination, he is presumed to be back in the course of his employment even if, at the time of the accident, he has not returned to the route he would have followed had there been no deviation. *Gurovich v. Industrial Commission*, 113 Ariz. 469, 556 P.2d 1131 (1976). *See Sherrill & LaFollette v. Herring*, 78 Ariz. 332, 279 P.2d 907 (1955); *Stoddard v. Industrial Commission*, 23 Ariz.App. 235, 532 P.2d 177 (1975); 1 A. Larson, Workmen's Compensation Law § 19.00 (1978).

This court has noted, however, that this test should not be applied in a purely mechanical manner. "Due regard should be given to whether the length of the abandonment and the nature of the activities during the abandonment, . . . preclude effective return to employment and added substantial risks, not otherwise present to the continuation of the journey." *Fisher Contracting Co. v. Industrial Commission*, 27 Ariz.App. 397, 401, 555 P.2d 366, 370 (1976).

■ In the present case, the evidence supports the administrative law judge's decision. At the time of the accident, Morris had not only resumed a direction that would take him back to his business destination,

he had returned to the route he would have followed had there been no deviation. In addition, the administrative law judge found that the evidence did not establish that the deviation had increased the risk of an accident occurring. Finding number thirteen in part states:

It is basically unascertainable whether there was any substantial increased risk by reason of said time/distance deviation; that thus, it may be inferred from nominal evidence in the record that the weather conditions were worse on the evening of the crash and it may be speculated said conditions would have been better during the midday hours, but it is unknown whether this is in fact what caused the crash; that it is likewise possible other weather/mechanical conditions would have been different had the return trip been made directly to Flagstaff rather than via Phoenix; that contrarily, there may have been no difference in the weather conditions (from the record available), and/or the crash may have been due solely or primarily to "pilot error" which would have occurred on a direct trip from Albuquerque to Flagstaff, as well as via the deviation through Phoenix to Flagstaff; . . .

Petitioner argues that the length and distance of the delay in and of itself should require this court as a matter of law to infer Morris had abandoned his employment. This court, however, declines to so rule.

This court will not usurp the function of the fact finder. *See Fisher Contracting Co. v. Industrial Commission, supra.* The question of whether Morris abandoned his employment by traveling to Phoenix involved factual determinations which the administrative law judge resolved. We cannot say that the evidence compelled any other conclusion.

The award is affirmed.

DONOFRIO and O'CONNOR, JJ., concur.