354 P.3d 414

Lisa GURTLER, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

City of Scottsdale, Respondent Employer,

City of Scottsdale, Respondent Carrier.

No. 1 CA–IC 13–0052.

Court of Appeals of Arizona, Division 1.

July 28, 2015.

Joel F. Friedman, PLLC by Joel F. Friedman, Phoenix, for Petitioner Employee.

Industrial Commission of Arizona by Andrew F. Wade, Phoenix, for Respondent.

Klein, Doherty, Lundmark, Barberich & LaMont, P.C. by R. Todd Lundmark, Phoenix, for Respondent Employer and Carrier.

Judge MICHAEL J. BROWN delivered the opinion of the Court, in which Presiding Judge RANDALL M. HOWE and Judge JON W. THOMPSON joined.

## OPINION

BROWN, Judge:

¶ 1 Lisa Gurtler sustained multiple injuries from a car accident that occurred as she was driving home, only minutes after she conducted a business errand at the end of her work day. Her subsequent claim for workers' compensation was denied. Because we conclude that Gurtler's accident did not occur while she was in the course of her employment, we affirm the decision by the administrative law judge ("ALJ") that the claim was noncompensable.

## BACKGROUND

¶ 2 We view the evidence in the light most favorable to upholding the ALJ's award. *Munoz v. Indus. Comm'n,* 234 Ariz. 145, 147, ¶ 2, 318 P.3d 439 (App.2014). Gurtler was employed by the self-insured respondent employer, City of Scottsdale, as an assistant auditor responsible for assisting with auditing various programs and functions as approved by the City Council. Gurtler performed her work both at her office in Scottsdale and at the offices of her "audit clients." She drove her personal vehicle for out-of-office appointments, and although travel reimbursement was available, she requested it only about one-third of the time. Gurtler usually worked from 7:30 a.m. to 5:00 p.m., with a half-hour for lunch.

¶ 3 In the days leading up to her injury, Gurtler had been doing some preliminary

work for an upcoming audit of Vista del Camino ("VDC"), a City facility that provides welfare and community assistance programs. She had borrowed a "policy and procedure" manual from Kathy Breen, VDC's manager, to familiarize herself with VDC's functions, and had told VDC she would return the manual on Monday, January 23, 2012. Gurtler was unable to return the manual on Monday, so in an email exchange with Ms. Breen, she promised instead to return it the next day.

¶ 4 Gurtler left her office on Tuesday afternoon at about 5:15 p.m. and drove 2.8 miles to VDC to deliver the manual. According to Gurtler, she wanted to return it in a timely manner to demonstrate professionalism and to develop a good rapport with the new audit client. She testified that she was not required to return the manual on Tuesday, and had no required time frame for returning audit documents. Gurtler also acknowledged that rather than return the manual herself, she could have used the City's internal mail delivery system, with daily pick-up and delivery between all City departments, to return it.

¶ 5 When Gurtler arrived at VDC, the office was closed, so she put the manual through a "glass opening" at the reception desk along with her business card and then left to drive home. The accident occurred shortly before she reached the point that would have placed her back on the route she typically used for her daily commute (Scottsdale Road).[1] As Gurtler would later explain, although her work for the day was completed and she was driving home, she would not have been at the location where the accident occurred were it not for her trip to the VDC office. Gurtler filed a workers' compensation claim with the Industrial Commission of Arizona ("ICA") for injuries she sustained in the accident, but her claim was denied and she timely requested a hearing.

¶ 6 After hearing testimony, the ALJ found that Gurtler's claim was precluded by the going and coming rule and none of the exceptions to the rule applied. Gurtler timely requested administrative review, asserting that the ALJ erred in failing to apply the dual purpose doctrine, a recognized exception to the going and coming rule. The ALJ summarily affirmed the award and this timely appeal followed.

## DISCUSSION

¶ 7 Generally, we will not set aside an ICA decision and award reasonably supported by the evidence. *Finnegan v. Indus. Comm'n,* 157 Ariz. 108, 109, 755 P.2d 413 (1988). We defer to the ALJ's factual findings, but review questions of law de novo. *Young v. Indus. Comm'n,* 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298 (App.2003). As the claimant, Gurtler has the burden of showing she is entitled to compensation. *Malinski v. Indus. Comm'n,* 103 Ariz. 213, 216, 439 P.2d 485 (1968).

### A. The Going and Coming Rule

¶ 8 For an injury to be covered by Arizona's Workers' Compensation Act ("the Act"), the injury must "aris[e] out of" and be sustained "in the course of" an activity related to the claimant's employment. Ariz. Const. art. 18, § 8; Ariz.Rev.Stat. ("A.R.S.") § 23–1021(A); *Finnegan,* 157 Ariz. at 109, 755 P.2d 413. "Whether an activity is related to the claimant's employment—making an injury sustained therein compensable—will depend upon the totality of the circumstances." *Finnegan,* 157 Ariz. at 110, 755 P.2d 413.

¶ 9 The Act, like similar provisions in other jurisdictions, "was not intended to give protection to workers going to and from work." *Malinski,* 103 Ariz. at 217, 439 P.2d 485. Thus, as a general rule, the going and coming rule excludes an employee's ordinary commute to and from work from the protections of the Act:

> It is of course the general rule in compensation cases ... that [an employee] does

1. Gurtler worked at 4021 North 75th Street in Scottsdale and lived in Tempe, near Knox and Rural Roads. VDC was located at 7700 East Roosevelt Street, Scottsdale. The accident occurred at the intersection of Curry and Miller Roads. Although "most of the time" Gurtler used Scottsdale Road to drive to and from work, on occasion she also traveled other routes, such as McClintock Drive and the Loop 101.

not enter an employment until [ ]reach[ing] the place where the work of [the] employer is to be carried on, and similarly, when [the employee] has finished all the work required ... and leaves the place of business ... to go ... home, [the employee] has left the employment, and that an accident which may occur [on the employee's way to or from] *work is not in the due course of [ ] employment.*

*Ebasco Servs., Inc. v. Bajbek,* 79 Ariz. 89, 93, 284 P.2d 459 (1955) (quotation omitted) (emphasis added). The reasoning behind the rule is that until an employee actually begins work or arrives at her employer's premises, any risk of injury is the same as those faced by the general public and not related to the employment. *Hansen v. Indus. Comm'n,* 141 Ariz. 190, 192–93, 685 P.2d 1342 (App. 1984).

¶ 10 It is undisputed that after leaving her office for the day, Gurtler carried out a business errand by returning the policy manual to VDC. Upon completion of that task, her work for the day had ended and she was driving toward her home when the accident occurred. Under a plain application of the going and coming rule, Gurtler was not injured while in the course of her employment. Therefore, absent one of the several exceptions to the going and coming rule, Gurtler's traffic accident falls outside the coverage of the Act. *See generally Arizona Workers' Compensation Handbook* § 4.2.2, at 4–2 to – 9 (Ray Jay Davis, et al., eds., 1992 & Supp. 2013) (noting various exceptions to the going and coming rule, such as going and coming on the employer's premises, performing a special errand, employer conveyance, payment for travel time or expenses, dual purpose trips, and deviations).

### B. Dual Purpose Exception

■ ¶ 11 Gurtler asserts that because the ALJ found that delivery of the VDC manual "was in the course and scope of her employment," she qualifies for coverage under the Act based on the dual purpose doctrine, a commonly asserted exception to the going and coming rule. The dual purpose doctrine is based on a test enunciated in *Marks' Dependents v. Gray,* 251 N.Y. 90, 167 N.E. 181

(1929), which our supreme court later adopted:

If the work of the employee creates the necessity for travel, [the employee] is in the course of [ ] employment, though he is serving at the same time some purpose of his own.... If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.

*Butler v. Indus. Comm'n,* 50 Ariz. 516, 522–23, 73 P.2d 703 (1937) (citations and quotations omitted) (overruled on other grounds by *Wiley v. Indus. Comm'n,* 174 Ariz. 94, 97, 847 P.2d 595 (1993)).

¶ 12 The *Marks' Dependents* rule has been clarified such that "there is no need to evaluate the primary purpose of the trip, nor must a court find that absent the personal motive, the business trip would have been taken '*by this particular employee at this particular time.*'" 2 Lex K. Larson, *Larson's Workers' Compensation Law* § 16.03, at 16–4 (Matthew Bender, Rev. Ed. & Supp.2014) ("*Larson's* ").

It is enough that someone sometime would have had to take the trip to carry out the business mission. Perhaps another employee would have done it; perhaps another time would have been chosen; *but if a special trip would have had to be made for this purpose,* and if the employer got this necessary item of travel accomplished by combining it with this employee's personal trip, it is accurate to say that it was a concurrent cause of the trip, rather than an incidental appendage or afterthought.

*Id.* (emphasis added).

¶ 13 *Campbell v. Industrial Commission,* 165 Ariz. 583, 586, 799 P.2d 1357 (App.1990), illustrates the application of this principle. In *Campbell,* a ranch hand was injured while on his way into town to perform some personal errands and to purchase several items for his employer at a hardware store. The employer testified the items requested were not urgently needed, they were not important enough for a special trip, and he doubt-

ed the employee would have been sent for them if he were not traveling to town on personal business. *Id.* at 585, 799 P.2d 1357. The employee acknowledged "he would have taken the trip even if there had not been a business purpose for it." *Id.* at 585–86, 799 P.2d 1357. Despite these facts, the ALJ concluded that the employee's claim was compensable because the injury occurred during a trip that served both a business and personal purpose. *Id.* at 586, 799 P.2d 1357. On appeal, this court vacated the award, holding that a special trip would not have been undertaken by the employee for the hardware items because someone else could have done it at another time without the need for a special trip. *Id.* at 588, 799 P.2d 1357.

¶ 14 Here, Gurtler argues that even though she had completed the specific task (delivery of the manual) that led to the "dual purpose" of her trip when the accident occurred, she remained in the course of employment "at least" until she returned to Scottsdale Road, which was the usual street she used for her daily commute. Gurtler's own testimony, however, demonstrates she does not meet the threshold showing required under the dual purpose exception because there was no necessity for her or any other employee to make a "special trip" to return the manual to Ms. Breen at the VDC:

Q. [By Gurtler's attorney] All right. If you had not been able to return the folder on the way home on January 24th, would the manual have made it back to Ms. Breen some other way or was it really not that important?

A. [Gurtler] It would have eventually made it back to Ms. Breen.

Q. Okay. Do you have any idea what options were available to get that manual back to Ms. Breen, including you or other people?

A. Me or other people or the City's mail department.

Q. Do you know if the policy would have permitted you to deliver the manual on a different day if you had something to do and you couldn't stop on the way home on January 24th?

A. Yes ... there was no policy that prohibited me from making that delivery or returning it at any time.

Gurtler explained further that the City's mail department performs daily delivery and pick-up to all City departments and that she could have returned the manual using that service. Thus, no need existed for Gurtler to personally deliver the manual or for any other co-worker to undertake a "special trip" to do so. Under these circumstances, Gurtler does not fall within the scope of the dual purpose exception.

### C. Additional Considerations

¶ 15 Relying on *Connors v. Parsons,* 169 Ariz. 247, 252, 818 P.2d 232 (App.1991), Gurtler also argues that because the ALJ found her delivery of the VDC manual "to be necessary," it provided a business motive that "colors the entire trip." Addressing the purpose of Gurtler's trip, the ALJ found:

After a careful review of all the evidence, the undersigned finds the applicant was in the course and scope of her employment when she delivered the Policies and Procedures manual to Vista Del Camino, however, once she had delivered the manual and returned to Miller Road and Roosevelt Street her job was finished for the day. She then had to decide whether to take Roosevelt Street to Scottsdale Road and then Scottsdale Road to Rural Road, her normal way home or to stay on Miller Road until it eventually transitioned into Scottsdale Road. We do not know why she chose Miller Road instead of Scottsdale Road but clearly, that was her personal choice as to what route to take home. She could have been on Miller Road for any number of reasons unconnected to her employment.

Applicant's claim is excluded by the [going and coming] rule and she does not fall within any of [its] exceptions[.]

We do not read the ALJ's award to mean that he determined Gurtler's trip to VDC was necessary; instead, the ALJ simply emphasized that Gurtler was in the course of her employment up to the point when she dropped off the manual at VDC. Although the ALJ's ruling also stated that Gurtler

remained in the course of her employment until she reached the intersection of Miller Road and Roosevelt Street, the precise route Gurtler selected that evening to drive home is irrelevant to applying the going and coming rule—her work for the day ended when she finished her errand of delivering the manual. *Cf. Strauss v. Indus. Comm'n*, 73 Ariz. 285, 288, 240 P.2d 550 (1952) ("As a general proposition, the liability of an employer ceases when the employee leaves the premises where he is employed."). At that point, Gurtler's service to the City had ended, and she makes no assertion that if she had sought mileage reimbursement from the City for her travel to VDC, it would have included more than the distance from her office to VDC. *See id.* (noting that "[a]nother exception [to the going and coming rule] is whether transportation is furnished at the expense of the employer").

¶ 16 Additionally, we do not read *Connors* as broadening the dual purpose doctrine. In that case, the plaintiff was a passenger in a car driven by her co-employee. 169 Ariz. at 248, 818 P.2d 232. During the lunch hour, they went on a work-related errand. *Id.* While returning to work, they decided to stop for lunch, but before they reached their destination they were involved in a car accident. *Id.* The plaintiff applied for and received workers' compensation benefits, and then filed a lawsuit against her co-employee. *Id.* at 248–49, 818 P.2d 232. The trial court granted summary judgment to the co-employee, finding the plaintiff's acceptance of workers' compensation benefits operated as a waiver to bringing a tort claim. *Id.* at 249, 818 P.2d 232.

¶ 17 Applying A.R.S. § 23–1024(A), which provides that an employee who accepts compensation under the Act waives the right to sue the employer or "any co-employee acting within the scope of employment," this court held that an issue of fact existed whether the co-employee was acting within the scope of employment at the time of the accident. *Connors*, 169 Ariz. at 249, 251, 818 P.2d 232. We therefore remanded for further proceedings, noting that "principles of employment law" could be de-

terminative on remand, including the following:

> The dual purpose exception applies where the employee performs a concurrent business service for the employer while doing a personal commute. . . . In order to constitute a concurrent service, the trip must have been necessary for the employer— i.e., sometime, someone would have to run this errand on the employer's behalf even if the parties' personal trip were canceled. . . . The business trip need not have been taken by these same parties at the same time that they actually took it but someone would eventually have to make the trip for the company. . . . Once a dual purpose is found, the law does not separate the business and personal motives; *the business motive colors the entire trip.*

169 Ariz. at 252, 818 P.2d 232 (citations omitted) (emphasis added).

¶ 18 Viewed in context, *Connors* addressed the dual purpose doctrine in summary fashion for the purpose of alerting the trial court to an issue that could arise on remand. For the most part, the *Connors* court appropriately summarized the doctrine, citing, among other authorities, *Campbell. Id.* In our view, however, the court's statement that "the business motive colors the entire trip" speaks too broadly about the legal implication of a dual purpose finding. The court remanded the case with the following directive: "If a dual purpose exists, the trial court must . . . determine whether the parties abandoned or so deviated from their destination that they were no longer acting within the scope of employment at the time of the accident." *Id.* Applying the "colors the entire trip" phrase literally, there would be no reason for *Connors'* directive that the trial court consider issues of abandonment or deviation because a business purpose would cover the entire trip as a matter of law. Given the court's remand instructions, the only logical conclusion to be drawn from *Connors* is that a dual purpose finding does not necessarily mean all aspects of the trip were business-related. Significantly, Gurtler has not cited, nor has our research revealed, any authority in any jurisdiction stating that a dual purpose finding "colors the entire trip."

¶ 19 Furthermore, *Connors* analyzed whether a *personal* detour taken during a *business* trip was in the course of employment. The present case involves a business errand followed by a personal trip. Even considering the two trips as one, Gurtler's *business* deviation was taken during a *personal* trip, which presents a different legal analysis than a personal deviation from a business trip. *See generally Larson's* ch. 17 (Deviations); *compare Larson's* § 17.04[2] at 17–25 ("Distance Covered Mostly Personal") *with Larson's* § 17.04[3] at 17–26 ("Distance Covered Mostly Business"). Given all of these considerations, *Connors* does not support Gurtler's position on appeal.

¶ 20 Nor do we find persuasive the other authorities upon which Gurtler relies: *Delk v. Industrial Commission,* 74 Ariz. 378, 249 P.2d 943 (1952), *Strauss,* 73 Ariz. at 285, 240 P.2d 550, *Gurovich v. Industrial Commission,* 113 Ariz. 469, 556 P.2d 1131 (1976), and *Greenlaw Jewelers v. Industrial Commission,* 127 Ariz. 362, 621 P.2d 49 (App.1980). Neither *Delk* nor *Strauss* involved questions about the application of the dual purpose doctrine; instead, they only considered whether the respective employees fell within the going and coming rule. *See Delk,* 74 Ariz. at 381, 249 P.2d 943 (holding that employee's death from car accident while traveling on an old road parallel to a new highway arose in the course of his employment as a livestock inspector because the nature of his duties "called for the decedent to travel on side roads and trails"); *Strauss,* 73 Ariz. at 290, 240 P.2d 550 (finding employee was within course of employment when fatal accident occurred following a personal errand where employer provided transportation and required employee to "work both on and off the premises at any and all hours"). Unlike the present case, *Gurovich* and *Greenlaw* each involved employees who took personal deviations from lengthy business trips that resulted in death or injury. *Gurovich,* 113 Ariz. at 472, 556 P.2d 1131 (finding that a claimant's injury suffered while trying to free his car from the mud during a personal detour from his regular route home was covered by the Act because he had "resumed his trip back to Phoenix as contemplated by his employment"); *Greenlaw,* 127 Ariz. at 363,

365, 621 P.2d 49 (affirming an award arising from employee's death on return flight to Flagstaff from Phoenix even though business portion of the trip occurred in Albuquerque). Therefore, these cases do not support the proposition that performing a business errand while driving home from work within the same locale "colors the entire trip."

¶ 21 Finally, Gurtler argues that her injuries should be compensable because they occurred during a business detour from her personal commute home. Professors Larson have recognized that "if the main trip is a personal trip, the business character of a business detour persists throughout the detour." *Larson's* § 17.03[6], at 17–23. In this case, Gurtler was not injured during a "detour," as the authorities discuss that term. She was neither injured on the way to VDC nor while delivering the manual or on the property where VDC's office was located. She was on her way home, albeit by a slightly different route than she might normally take, but still heading in the direction of her home. Thus, she had completed her business errand and resumed her personal commute. *See Larson's* § 17.02[4], at 17–5 ("Of course, in a one-way journey, if the accident had happened after the business call had been made and while the claimant was on the final leg of the journey home, the injury would be clearly noncompensable.").

¶ 22 In sum, because no exception to the going and coming rule applies, Gurtler was not in the course of her employment when she was injured. Consistent with many other courts that have wrestled with these thorny issues, we have reached this conclusion based on the unique circumstances presented. *See Strauss,* 73 Ariz. at 288, 240 P.2d 550 ("The 'going and coming' rule and the rule that the employee must be rendering service at the time of injury are not of inevitable application. A review of these borderline cases discloses that each case must be decided on its particular fact situation.").

## CONCLUSION

¶ 23 We conclude that the going and coming rule applies to Gurtler's claim for workers' compensation benefits, which necessarily

means she was not in the course of her employment when she was injured. Accordingly, we affirm the ALJ's award for a noncompensable claim.