NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHANE MICHAEL DOUGLAS, an individual,
GWEN ANN DOUGLAS, an individual,
*Plaintiffs/Appellants*,

*v.*

STEVEN RICHARD LESSARD, an individual,
*Defendant/Appellee*.

No. 1 CA-CV 25-0203

FILED 01-30-2026

Appeal from the Superior Court in Coconino County
No. S0300CV202400072
The Honorable Brent Davidson Harris, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Ladah Law Firm, Las Vegas, Nevada
By Donald P. Paradiso
*Counsel for Plaintiffs/Appellant*s

Arizona Attorney General's Office, Phoenix
By Stephanie Elliott, Jennifer Rethemeier
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

_____

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

_____

**W I L L I A M S**, Judge:

¶1        Shane and Gwen Douglas (collectively "Douglas") appeal summary judgment for Steven Lessard on their negligence claim. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        On October 24, 2022, Lessard was driving from Gila County (the "County") towards Flagstaff when his vehicle struck Douglas's vehicle, injuring Douglas.

¶3        At the time, Lessard was the County's Chief Probation Officer and was driving to the annual statewide Court Leadership Conference (the "conference") in Flagstaff in his marked County-issued vehicle. Though the conference would not begin until October 26, Lessard planned to attend the Chief Probation Officers' Association ("CPOA") meeting the day before the conference at the same hotel as the conference. Since the CPOA meeting was scheduled to begin the morning of October 25, Lessard had permission from the County to check in to the hotel a day early and finish his October 24 workday from there.

¶4        In his deposition, Lessard testified he did not recall whether he left for the conference from his home or from his County office in Payson, but either way, he would have been "on duty." He also testified he was required to attend the conference or provide an explanation to his supervisor, the County's presiding superior court judge, if he were unable to attend. In the event he would have been unable to attend the CPOA meeting, Lessard explained he would not be subject to adverse employment action but would have to explain to his presiding judge why he did not participate.

¶5        In February 2024, Douglas sued Lessard, alleging negligence in causing the vehicle collision. Lessard moved for summary judgment, arguing Douglas's claim was time-barred because it was brought more than one year after the cause of action accrued. Lessard argued that because he

was acting "in the course and scope of his employment" as Chief Probation Officer when the collision occurred, the one-year statute of limitations governed Douglas's claim. A.R.S. § 12-821. Douglas objected, contending a two-year statute of limitations applied under A.R.S. § 12-542 because Lessard "was not subject to his employer's control at the time of the crash."

**¶6**        The superior court agreed with Lessard that Douglas's claim was time-barred and granted Lessard's motion for summary judgment.

**¶7**        Douglas timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8**        On appeal, Douglas contends genuine issues of material fact exist whether Lessard was acting within the course and scope of his employment when the collision occurred, rendering the superior court's grant of summary judgment error.

**¶9**        Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review the superior court's grant of summary judgment de novo, viewing the facts and reasonable inferences in the light most favorable to Douglas as the nonmoving party. *Rosenberg v. Sanders*, 256 Ariz. 359, 364, ¶ 24 (2023).

**¶10**        A one-year statute of limitations applies to claims against public employees arising out of "acts within an employee's scope of employment." *McCloud v. Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 91, ¶ 27 (App. 2007); A.R.S. § 12-821. To determine whether an employee was acting within the scope of his employment at the time of the act from which the claim arose, courts look to the extent to which the employee was subject to the employer's control. *Engler v. Gulf Interstate Eng'g, Inc.*, 230 Ariz. 55, 57–58, ¶ 10 (2012).

**¶11**        But where an employee's conduct did not arise within the scope of employment, a two-year statute of limitations applies. A.R.S. § 12-542. An employee's "conduct falls outside the scope of employment when the employee engages in an independent course of action that does not further the employer's purposes and is not within the control or right of control of the employer." *Engler*, 230 Ariz. at 58, ¶ 13.

**¶12**        Douglas contends the County did not have control, or right of control, over Lessard's travel because Lessard could choose whether to

drive his personal vehicle or the County-issued vehicle, which route to take, and what time and day to leave for Flagstaff, and that Lessard was not required to attend the CPOA meeting at all because he admitted he would not have been subject to adverse employment action had he failed to attend. In support of the argument, Douglas primarily relies on *Engler*, where our Supreme Court iterated it has generally not "found the requisite employer control when the employee maintained the right to choose where, when, and how to travel, and by what route." *Id.* at 58, ¶ 12.

¶13 In *Engler*, an out-of-state employee traveled to Arizona for extended work stays. *Id.* at 57, ¶ 2. While in Arizona, he lodged at a hotel in Yuma but would travel to and from his job site in Mexico each day. *Id.* at 57, ¶¶ 2–3. The employee was reimbursed for business expenses, including lodging, rental cars, and meals. *Id.* The employer considered the employee's workday to begin when the employee left the hotel in Yuma and ended when he returned. *Id.* Outside of work hours, the employee was free to do as he wished and his actions were not controlled or supervised by the employer. *Id.* One evening, after returning to the Yuma hotel, the employee, with a co-worker, left the hotel for dinner at a restaurant. *Id.* at 57, ¶ 4. On their way back to the hotel after dinner, the employee caused an accident resulting in serious injuries to a motorcycle driver. *Id.* Our Supreme Court held that "at the time of the accident . . . [the employee] was on his own time, was not subject to his employer's control, and was not serving his employer's purposes in traveling from the restaurant during his off hours." *Id.* at 60, ¶ 20.

¶14 The uncontroverted facts in the record before us are readily distinguishable from those in *Engler*. In his deposition, Lessard testified his drive in the County-owned vehicle was governed by several County policies mandating him to use the vehicle only for work purposes and to use his County vehicle "for travel when possible." And though Lessard seemingly maintained some discretion over which route he took to the conference, as well as what time of day he left to travel to Flagstaff, he also testified he took "the quicker route," and that because he left the County during his workday, and would conclude his workday once arriving in Flagstaff, that he was "on duty" while traveling that day.

¶15 Lessard further testified that both the CPOA meeting and the conference were mandatory and that he would have to provide an explanation to his supervisor if he did not attend the conference or participate in decisions the CPOA made. That Lessard would not suffer adverse employment action if he were unable to attend does not transform the CPOA meeting or the conference into non-work-related activities.

4

**¶16** Once Lessard presented this evidence, the burden shifted to Douglas "to produce sufficient competent evidence to show that an issue exists" precluding summary judgment. *Kelly v. NationsBanc Mortgage Corp.*, 199 Ariz. 284, 287, ¶ 14 (App. 2000). Douglas produced no evidence refuting Lessard's testimony. On this record, no genuine issue of material fact exists impacting whether the requisite employer control was present for Lessard to be acting within the scope of his employment during his drive to Flagstaff.

**¶17** Douglas also cites to three memorandum decisions, which we find unpersuasive in light of the record before us. *See Davis v. Casida*, 1 CA-CV 22-0306, 2023 WL 2250426, at *1, ¶¶ 1–5, *2–3, ¶¶ 10–16 (Ariz. App. Feb. 28, 2023) (mem. decision) (finding no requisite employer control where employee injured coworker at non-work-related after-hours social event); *Cravens v. Montano*, 2 CA-CV 2020-0115, 2021 WL 2105425, at *3, ¶¶ 13–14 (Ariz. App. May 25, 2021) (mem. decision) (finding genuine issue of material fact where record contained conflicting deposition testimony regarding degree to which employee's actions were controlled by employer); *Estrada v. Nguyen*, 2 CA-CV 2022-0081, 2023 WL 2034250, at *8, ¶¶ 30-31 (Ariz. App. Feb. 16, 2023) (mem. decision) (finding genuine issue of material fact where record included deposition testimony contradicting prior statement regarding purpose of employee's travel).

**¶18** Finally, Douglas argues the "dual purpose doctrine" applies to preclude summary judgment. The "dual purpose doctrine" is the dual purpose exception to the "going and coming rule." *Faul v. Jelco, Inc.*, 122 Ariz. 490, 492 (App. 1979); *see also Gurtler v. Indus. Comm'n of Ariz.*, 237 Ariz. 537, 540, ¶ 11 (App. 2015). The "going and coming rule" provides that, for an employee's use of a vehicle to be in the scope of their employment, the use "must be directly involved with or in furtherance of an employer's business purpose," and cannot be "a routine commute to or from an employer's office." *Cravens v. Montano (Cravens II)*, 259 Ariz. 444, 452, ¶ 31 (2025). "[T]he dual purpose exception to the coming and going rule . . . applies only when, in addition to merely commuting, the employee performs a concurrent service for his employer that would have necessitated a trip by another employee if the commuting employee had not been able to perform it." *Bruce v. Charles Roberts Air Conditioning*, 166 Ariz. 221, 226 (App. 1990).

**¶19** To the extent Douglas argues the "going and coming rule" applies, in our view, it does not. Lessard was not engaged in his "routine commute to or from [his] employer's office." *Cravens II*, 259 Ariz. at 452, ¶ 31. Rather, he was traveling from one working location to another in

furtherance of the County's business purpose at both the CPOA meeting and the conference. *See id.* But even if the "going and coming rule" applied, the dual purpose exception still has no application here because Douglas has not identified another purpose for Lessard's travel to Flagstaff other than to attend the CPOA meeting and conference.

**¶20**　　　　Though not relevant to our scope-of-employment analysis, we note that Douglas maintains he did not, nor did he intend to, sue Lessard in his capacity as a public employee. But a review of the record shows that Douglas served a notice of claim on both Lessard and the State of Arizona, a requirement to bring a claim against a public employee under A.R.S. § 12-821.01(A). In any event, Douglas's subjective intent is not a factor in determining whether Lessard was acting within the course and scope of his employment when the accident occurred.

## CONCLUSION

**¶21**　　　　No genuine issue of material fact exists regarding whether Lessard was acting in the scope of his employment when the vehicle collision occurred. The one-year statute of limitations set forth in A.R.S. § 12-821 thus applies. Because Douglas did not bring suit within one year of the cause of action, we affirm summary judgment for Lessard.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:　　　　JR