[No. 36537.   Department One.   January 23, 1964.]

DAVID SHOOPMAN et al., *Appellants*, v. IRVING CALVO et al., *Respondents*.*

*Roy E. Jackson* and *Daniel G. Goodwin*, for appellants.

*Frank H. Roberts, Jr.*, for respondents.

*Reported in 388 P. (2d) 559.

HUNTER, J.—This is an appeal from an order of the trial court granting a summary judgment in favor of the defendants (respondents), Irving Calvo, his wife, and Herbert Stombaugh.

The plaintiff (appellant), David Shoopman, was an employee of Irving Calvo, doing business as the Washington Pneumatic Applicators. Plaintiff and two fellow workmen, Joel Heimbigner and codefendant Herbert Stombaugh, had been ordered to work on a job in Port Townsend, Washington. The union contract provided that they were to be paid at an hourly rate for the work performed at the jobsite, and since the jobsite was some distance from Seattle an additional $5 per day was to be paid for subsistence. The extra money was used to defray living expenses if the employee desired to live near his place of work, or the money could be used to cover travel expenses from Seattle. The employer furnished a pickup truck for the use of Stombaugh, the foreman on the Port Townsend project. On the day of the accident, December 13, 1959, Stombaugh was driving, and Shoopman and Heimbigner were passengers. Stombaugh lost control of the vehicle in the fog and crashed into a concrete bridge abutment. The plaintiff suffered severe personal injuries.

On December 21, 1959, an accident report was filed with the Department of Labor and Industries on behalf of the plaintiff, and an investigation was conducted to determine if the plaintiff was injured within the scope of his employment. The department found that he was within the scope of his employment and awarded him medical and hospital expenses, and time loss according to the provisions of the Industrial Insurance Act. The plaintiff did not appeal from the order of the department and he accepted all funds tendered to him.

On July 20, 1960, the plaintiff filed this action at law for negligence, contending that he was not within the scope of his employment when the accident occurred, and that he is not bound by the decision of the department. The trial

court granted summary judgment in favor of the defendants, from which the plaintiff appeals.

The plaintiff contends that the department erred in finding that he was covered by the Industrial Insurance Act. He contends that he was merely "on his way to work" and was not, therefore, "within the scope of his employment" as that phrase has been interpreted by this court. We do not find it necessary to answer this contention since the determination of this issue by the department is res judicata in view of the record in this case.

■ The intention of the legislature is clear in the Industrial Insurance Act. It imposes burdens on industry and abolishes rights of action by employees against employers for personal injuries to the exclusion of every other remedy, except as provided in the act. *Koreski v. Seattle Hardware Co.*, 17 Wn. (2d) 421, 135 P. (2d) 860 (1943).

In *Abraham v. Department of Labor & Industries*, 178 Wash. 160, 34 P. (2d) 457 (1934), we said:

"Under the express terms of statutory law and in accord with its beneficial purposes, the department has original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a compensable injury has occurred. It is as much its duty in each case to determine whether the workman was within the protection of the act at the time of the injury as it is to determine the fact of injury and extent thereof. The facts as to the nature of the employment are a vital part of each inquiry, and must necessarily be determined before a result can be reached allowing the claim.

"Since the department is the original and sole tribunal with power to so determine the facts, and its findings are reviewable only on appeal, it must follow that a judgment by it, resting upon a finding of fact that the workman was so employed at the time of injury as to be within the act, is final and conclusive upon the department and upon the claimant, unless set aside on an appeal authorized by the statute, or unless fraud, or something of like nature, which equity recognizes as sufficient to vacate a judgment, has intervened. Even in such cases, it would seem that the department would necessarily have to appeal to equity and give opportunity for a full inquiry before its judgment could be vacated."

If the department erroneously makes a determination, the proper procedure is not to bring an action against the employer, as was done here, but to appeal as authorized in the act. A workman has his choice either to accept the department's determination, or he may appeal from it, but if he chooses not to appeal, he is concluded by the decision.

In *Prince v. Saginaw Logging Co.,* 197 Wash. 4, 84 P. (2d) 397 (1938), an order of the Department of Labor and Industries rejected a workman's claim. The workman brought an action against the employer in tort for negligence, and the employer attempted to defend on the ground that the workman was injured within the scope of his employment. The court stated:

" . . . The department, through the supervisor of industrial insurance, rejected the claim on the ground that the appellant was not covered by the act. Notice of this rejection was given, as required by the act, to the respondent. Accepting this decision of the tribunal charged by the act with the determination of the question in the first instance, the appellant brought this action at law, the alternative remedy remaining available to him. The respondent seeks to bar his entry into court with a challenge that his remedy is not there, but in the department, which has already closed its door against him. *The law does not contemplate such an anomaly. Having acquiesced in the departmental decision by failure to appeal, the respondent can not be heard to question the correctness of this decision in another tribunal.*" (Italics ours.)

The reasoning of this case is applicable here. Plaintiff Shoopman has accepted the benefits of the act and has not appealed from the determination of the board that his injury occurred within the course of his employment. He is, therefore, bound by the decision. The cases in other jurisdictions are in accord with this view. *Cf.* 122 A.L.R. 550; 84 A.L.R. (2d) 1036.

We have considered *Thoma v. C. J. Montag & Sons, Inc.,* 54 Wn. (2d) 20, 337 P. (2d) 1052 (1959), which is distinguishable from the instant case. In that case the department found that Mrs. Thoma's husband had sustained the injuries that caused his death within the course and scope

of his employment, and that she was entitled to a widow's pension. No appeal was had from the order. However, prior to the institution of the civil action brought by the widow against her deceased husband's employer, and prior to the termination of the time for appeal, the department entered a subsequent order holding the original order in abeyance until it was determined by the superior court whether the decedent was within the scope of his employment at the time of the injury. The original order of the department under these circumstances had not become conclusive, and hence it was not res judicata. The procedure followed in the *Thoma* case was not followed here.

The plaintiff finally relies on several federal cases that hold the procuring of an award under a state workman's compensation act does not preclude the maintenance of an action under the Federal Employers' Liability Act, upon the ground that the employee was engaged in interstate commerce at the time of the accident. The cases are decided on the theory that the state has made no determination as to whether the workman was engaged in intrastate commerce or interstate commerce at the time of the injury, and that such a determination is necessary before the matter is res judicata in a proceeding under the Federal Employers' Liability Act. An exhaustive annotation on this subject supporting our analysis can be found in 6 A.L.R. (2d) 581. In the instant case, the determination was made that the plaintiff was injured within the scope of his employment.

The judgment of dismissal is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.