■ K. M. LeFever et al., Respondents-Appellants, v Ralph Stultz, Appellant-Respondent, et al., Defendants, and, Mary I. Michaels et al., Respondents. — Order, Supreme Court, New York County (Ryp, J.), entered January 13, 1983, which, *inter alia,* granted plaintiffs' motion to strike defendant Ralph Stultz' defense of the Workers' Compensation Law, modified, on the law, to the extent of denying the plaintiffs' motion, the defense is reinstated, and otherwise affirmed, without costs. In 1977, plaintiff Kleon M. LeFever (Kleon) and defendant Ralph Stultz (Stultz) were employed as assistant general counsel in the corporate law department of North American Philips Corporation. On January 6, 1977, concededly, after lunch, Stultz returned to work intoxicated. Kleon attempted to sober Stultz up by walking Stultz around the library room, located on the corporation's premises. Suddenly, Stultz lost his balance and he tumbled to the floor, dragging Kleon with him. In falling, Kleon severely injured his right eye, when he struck it on the bottom shelf of a bookcase. Upon the basis that he was injured by a fellow employee during working hours, on his employer's premises, Kleon received workers' compensation benefits. In 1978 plaintiffs instituted suit against Stultz and other defendants (who had sold Stultz the alcohol and are not involved in this appeal). Stultz' answer contained the defense of the Workers' Compensation Law. After Kleon and Stultz submitted to examinations before trial, plaintiffs moved to strike the Workers' Compensation Law defense and Special Term granted this motion. We find that Special Term erred. Our review of this record leads us to conclude that there is a triable issue of fact, as to whether defendant was acting in the course of his employment when he accidentally fell, even though he was intoxicated (*Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 543). Thus, defendant's defense is viable. Concur — Ross, J. P., Bloom, Fein and Alexander, JJ.

Asch, J., dissents in part in a memorandum as follows: I disagree with the majority with respect to their affirmance of Special Term's denial of defendant Stultz' cross motion for summary judgment. I would reverse as to that portion of Special Term's order and grant defendant's cross motion. Plaintiff K. M. LeFever and the defendant Ralph Stultz are assistant general counsel in the legal department of North American Philips Corporation. On January 6, 1977, the defendant had lunch at the Portoroz Restaurant with Howard Stolte, credit manager of the Consumer Products Division of the same corporation. Both men imbibed some alcoholic beverages, in addition to lunch. Testimony received at the depositions and presented upon the cross motion for summary judgment was unequivocal that Stultz was sober after he and Stolte left the luncheon table. When leaving the dining room, both men were seen by Richard

Kress, the general manager of the Consumer Products Division, who was seated at one of the front tables. They were invited by Kress to sit and have a drink with him. They accepted his invitation and tarried for 30 to 45 minutes at the Kress table. According to testimony by Kress the parties "discussed some business. We were all getting ready for the Chicago Houseware Show, and we had some legal questions. We had some logistics questions, and I had a credit problem with one of my customers". While thus engaged, defendant had another drink but appeared fully sober, spoke intelligibly, was lucid, and exhibited no external signs of intoxication. Upon getting up to go to the restroom, he, for the first time, exhibited signs of being intoxicated. He lost his balance and fell backward. After he fell, his speech sounded slurred, not normal. Stolte helped put defendant Stultz in a taxicab after being told to do so by Kress. Stultz did not go home; instead, he went back to the office. Plaintiff LeFever was informed that defendant was in the reception area, either sick or intoxicated. LeFever conducted defendant into the corporation's law library. Stultz' secretary brought some black coffee. Stultz attempted to leave the room. LeFever tried to restrain him. As LeFever maneuvered Stultz away from the door, with his arms around Stultz' chest, the defendant lost his balance and fell forward. Plaintiff LeFever, in order to prevent himself from falling on defendant, rolled to the right as they fell. Plaintiff hit his right eyebrow on the edge of a bookcase and allegedly sustained the injuries for which this action was brought. The undisputed evidence submitted at Special Term indicates that defendant Stultz exhibited intoxication only after he had consumed at least one drink with Richard Kress. During this period of time, business was discussed at the Kress table and, in fact, legal advise was requested from defendant. Thus, defendant's intoxication must be considered "a natural incident of his work" and any injury resulting therefrom to have "arisen out of his employment." The consumption of the alcoholic beverages was part of the business discussion with Kress. (See *Matter of Wilson v General Motors Corp., Chevrolet Motor & Axle Div.*, 298 NY 468, 472.) Indeed, the alcohol consumed by defendant was charged off by Kress as a business expense. Further, it was not disputed that the accident occurred during regular working hours in the law library of the corporation which employed both plaintiff and defendant Stultz. Where the situs of the accident and resulting injuries occur within precincts of employment, the injured employee is limited to workers' compensation benefits (see *Doyle v Jennings*, 32 AD2d 608, 609, affd 26 NY2d 957). Special Term stated that since defendant was intoxicated at the time of the subject incident, he was *not* acting in the course of his employment. The requirement that the accident also arise in the course of employment has been met herein, however, since defendant Stultz, as noted, became intoxicated in the course of a business discussion where he gave Kress legal advice (*Matter of Cole v Union Carbide Corp.*, 50 AD2d 623). Finally, plaintiff himself, both in his deposition and affidavit, submitted at Special Term, does not allege any willful act on the part of defendant. Indeed, plaintiff expressly said: "He [defendant] wasn't trying to hurt me or hit me in any way." Thus, there is no issue as to defendant engaging in any willful or intentional tort (cf. *Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543). It seems clear that this situation is governed exclusively by subdivision 6 of section 29 of the Workers' Compensation Law which reads: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ." Accordingly, the order of the Supreme Court, New York County (Ryp, J.), entered January 13, 1983, which, *inter alia,* granted plaintiffs' motion to strike defendant Stultz' defense of subdivision 6 of section 29 of the Workers'

Compensation Law denied plaintiffs' motion for summary judgment, denied defendant Stultz' cross motion for summary judgment and granted the motion for summary judgment dismissing the complaint as to the defendants Mary I. Michaels and Austin J. Burns, individually and as executor of the estate of Mildred K. Burns, should be modified, on the law, to the extent of denying plaintiffs' motion to strike defendant Stultz' defense of Workers' Compensation Law, granting the motion of defendant Stultz for summary judgment, and otherwise affirmed, without costs.