Robbie H. TAYLOR, Plaintiff-Appellee,

and

Employers Insurance of Wausau, Intervening Plaintiff,

v.

Donnie LINVILLE, Defendant-Appellant.

Supreme Court of Tennessee.

Sept. 6, 1983.

Jack A. Childers, Jr., Memphis, for defendant-appellant.

Herman Morris, Jr., Charles W. Hill, Memphis, for plaintiff-appellee.

Wilson, McRae, Ivy, Sevier, McTyier & Strain, Memphis, for intervening plaintiff.

## OPINION

DROWOTA, Justice.

This case concerns the right of a person injured under circumstances entitling her to workers' compensation benefits to sue a co-employee, whose actions caused the injury.

The Plaintiff, Robbie Taylor, worked as a waitress in a Krystal restaurant in Memphis. The Defendant, Donnie Linville, was the assistant manager of the restaurant. On the evening of August 21, 1977, after closing, the Plaintiff was washing trays when the Defendant pointed a loaded pistol in the direction of the Plaintiff's feet and fired. The Defendant intended merely to frighten the Plaintiff, for he believed the gun was filled with blank cartridges. Needless to say, the cartridges were not blank and the Plaintiff suffered serious and permanent injuries when a bullet struck her left foot. There is no indication in the record that the employer requested the Defendant to carry a gun or even that the employer knew the Defendant had a weapon in his possession. As a result of the shooting, the Plaintiff received from the Krystal Company's workers' compensation insurer, Employers Insurance of Wausau, temporary total disability benefits, permanent partial disability benefits and hospital and medical expenses totaling $8,805.05.

The Plaintiff filed a common law action in tort against the Defendant for assault and battery, negligence per se, gross negligence and negligence arising out of the incident of August 1977. The Krystal Company's insuror intervened, pursuant to T.C.A. § 50–6–112(c), to protect its subrogation rights. The Defendant moved for summary judgment on the ground that the Plaintiff had received workers' compensation benefits for her injuries and that she was precluded by T.C.A. § 50–6–108 from bringing a common law suit against a co-employee. The trial court granted the motion and dismissed the suit. The Court of Appeals reversed and remanded for further proceedings. That court held that the Defendant's act was outside the course of his employment and, therefore, § 50–6–108 afforded him no immunity. We granted the Defendant's Rule 11 application because of the important question presented.

Neither § 50–6–108 [1] nor § 50–6–112(a) [2] explicitly bars common law or statutory actions brought against co-employees. While § 50–6–108 declares the compensation laws the exclusive remedy of the injured worker, § 50–6–112(a) preserves common law and statutory causes of action "[w]hen the injury . . . for which compensation is payable under the Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer . . ." If an injured worker is to be awarded benefits under the laws, his injury must have resulted from an accident arising out of and in the course of his employment. Since this is so, the statute contemplates a set of facts wherein a worker is injured in the work environment, but "some person other than the employer" is liable for the injury. It follows from this observation that § 50–6–108 and § 50–6–112(a) do not shield everyone in the work environment under all circumstances.

1. Right to compensation exclusive.—The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

2. Actions against third persons.—When the injury or death for which compensation is payable under the Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or his dependents, shall have the right to take compensation under such law, and such injured worker, or those to whom his rights of action survives at law, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.

In interpreting § 50–6–112(a), this Court has held that a co-employee who, while acting within the course of his employment, causes an injury through his negligence is not "some person other than the employer." *Majors v. Moneymaker,* 196 Tenn. 698, 270 S.W.2d 328 (1954). If the employer is granted immunity from suit for injuries resulting from accidents in the workplace, the employee who accidentally or negligently injures a fellow employee while carrying on the duties of his employer ought to be, and expects to be, shielded from liability in a common law action. Inherent in the risks of most employment is the element of working with other human beings. The person who is not an employee but who, while in the work environment, causes an employee injuries is the clearest example of a "third person." [3] The employee does not expect to suffer injury at the hands of those not working for his employer with no judicial remedy. Thus, the employee's legal causes of action are preserved, and the employer or his insuror has a subrogation lien against any recovery from the wrongdoer.[4] T.C.A. § 50–6–112(c).

It follows, impliedly, from *Moneymaker* that a co-employee who causes injury while acting *outside* the course of his employment is not protected from liability in common law actions arising out of the injury. Our research turns up no jurisdiction which grants immunity in such cases; and, indeed, reason dictates this is the better result. In accepting employment, a worker does not render himself vulnerable to every type of wrong, with the workers' compensation laws being his sole remedy.

When an employee is injured by a co-employee who intentionally inflicts injuries upon him, the employee-victim may maintain a common law action against his co-employee. *Williams v. Smith,* 222 Tenn. 284, 435 S.W.2d 808 (1968). Likewise, where the injury is caused by an employee acting outside the course of his employment, then the injured employee-victim may properly maintain an action against his fellow employee.

The Court of Appeals erred, however, in deciding that Defendant's discharging the firearm was outside the course of his employment. Whether the act was outside the course of the Defendant's employment is a question of fact. The trial court, being of the opinion § 50–6–108 barred the Plaintiff's cause of action, granted summary judgment for the Defendant and, therefore, made no findings. There is some indication in the record that the Defendant carried the weapon to protect himself and his employer's money when making night bank deposits, and that there was some need for protection as other restaurants in the vicinity had been robbed. There is also testimony the employer was not aware the Defendant kept a weapon in his possession. The Plaintiff was not allowed to present evidence to support her necessary contention that the Defendant's act was outside his employment. This issue is, obviously, contested. The issue of whether the act was intentional is also contested and could not properly be decided on a motion for summary judgment. An appellate court should be slow to make factual determinations in the absence of a full hearing. The Plaintiff was not given a full hearing, and we think this issue is, properly, to be decided by the trier of fact. Whether the act was intentional and whether the act was outside the course of Defendant's employment are the threshold inquiries to any recovery.

---

3. For examples of injuries resulting from intentional assaults upon employees by non-employee third persons, in which this Court allowed recovery under the workers compensation laws, *see: DeBow v. First Inv. Property, Inc.,* 623 S.W.2d 273 (Tenn.1981); *Bell v. Kelso Oil Co.,* 597 S.W.2d 731 (Tenn.1980); *Hudson v. Thurston Motor Lines, Inc.,* 583 S.W.2d 597 (Tenn.1979).

4. T.C.A. § 50–6–112(d) allows the injured employee one year in which to bring suit. An injured worker's failure to bring an action within that time operates as an assignment to the employer of any tort action the worker might have.

The judgment of the Court of Appeals is modified so as to be consistent with this opinion. This action is remanded to the trial court for further proceedings. The Defendant shall bear the costs of this appeal.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.