818 P.2d 232

Margaret Jean **CONNORS**, Plaintiff–Appellant,

v.

Elaine Marie **PARSONS** and John Doe **Parsons**, wife and husband, Defendants–Appellees.

No. 1 CA–CV 89–571.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 24, 1991.

248

Bresnehan, Gentile & Shriver, P.C. by Michael J. Bresnehan, Chandler, for plaintiff-appellant.

Ridenour, Swenson, Cleere & Evans by James W. Evans, Eric B. Gonzalez, Phoenix, for defendants-appellees.

## OPINION

GERBER, Presiding Judge.

Appellant Margaret Jean Connors (Connors) appeals from summary judgment dismissing appellee Elaine Marie Parsons (Parsons) and her husband from a tort automobile accident suit. The trial court found that by accepting workers' compensation benefits, Connors waived her right to sue her co-employee Parsons. We hold that before a court can determine that such a waiver occurred, it must first determine whether co-employee Parsons was acting within the scope of employment at the time of the accident, a question which turns here in part on whether there was a business necessity for their trip.

## FACTS

Connors and Parsons both worked for Digital Equipment Corporation (Digital) of Tempe, Arizona. After completing an off-premises work-related errand over the lunch hour, and before returning to Digital, the parties decided to stop for lunch. Parsons was driving. Before stopping, they became involved in an accident with a third party. Connors reported the accident to her employer. Digital directed her to fill out workers' compensation claim forms. Connors later received workers' compensation checks from Digital's insurance carrier. She endorsed the checks and gave them to Digital. In return, Digital paid her a continuing salary while she was absent from work.

Connors later filed a lawsuit against Parsons for tort damages arising from Parsons' negligence in driving. Parsons moved for summary judgment. She argued that because they were co-employees acting within the scope of their employment, Connors waived her right to sue Parsons merely by accepting workers' compensation benefits. The trial court granted the motion. After a motion to reconsider was denied, Connors appealed.

On appeal, Connors claims that summary judgment was inappropriate because an issue of fact exists as to whether Parsons was acting within the scope of employment at the time of the accident. On this record there are insufficient facts to determine this issue as a matter of law. After more facts have been determined, the trial court may be able to decide whether Parsons was acting within the scope of employment.

## STATUTORY ANALYSIS

■ In *Anderson v. Industrial Comm'n*, 147 Ariz. 456, 711 P.2d 595 (1985), the court held that a worker's intentional acceptance of compensation benefits is a statutory waiver of tort remedies against the employer under A.R.S. § 23–1024(A). *Id.* at 462, 711 P.2d at 601. The court read Article 18 § 8 of the Arizona Constitution to permit the legislature to provide that a worker's election of compensation constitutes a waiver of tort remedies. *Id.* at 461–62, 711 P.2d at 600–01.

In 1980, an amendment to Article 18 § 8 added "or any person employed by said employer, *acting in the scope of his [her] employment*" (emphasis added) to the section which gave an option for workers' compensation or the right to sue. The amendment apparently was prompted by earlier court decisions holding that the legislature could not constitutionally interfere with a worker's right to sue a co-employee. *See Bussanich v. Douglas*, 152 Ariz. 447, 733 P.2d 644 (App.1986). In response to the constitutional amendment, the legislature added "*or co-employee acting within the scope of his [her] employment ...*" (emphasis added) to the waiver provision of A.R.S. § 23–1024.

Parsons argues that under A.R.S. § 23–1024 Connors waived her right to sue Parsons when she, Connors, accepted workers' compensation benefits. Parsons claims that the mere acceptance of benefits prohibits Connors from denying they were acting within the scope of employment at the time of the accident, i.e. that acceptance of benefits is a legal determination that *both* were acting within the scope of employment.

### Legal Theories

■ Parsons offers several theories to support her argument that Connors can no longer litigate whether Parsons was in the scope of Parsons' employment at the time of the accident. The first theory is based on res judicata principles. Parsons' argument is that once a determination is made by the industrial commission that the injuries arose while the injured employee was acting within the scope of employment, that determination is binding in any later proceedings. *Christian v. Dino DeLaurentis*, 58 A.D.2d 752, 396 N.Y.S.2d 226 (1977).

After *Christian, supra*, was decided, the highest court in New York held that even where workers' compensation benefits were received, workers' compensation is not the exclusive remedy if a co-employee is not in the same employ. *Maines v. Cronomer Valley Fire Dept.*, 50 N.Y.2d 535, 429 N.Y.S.2d 622, 407 N.E.2d 466 (1980). To be in the same employ, the co-employee must be acting within the scope of employment at the time of the accident. *Id.* at 626, 407 N.E.2d at 470–71. When facts are disputed, whether the co-employee is immune from suit is usually a question of fact precluding summary judgment. *Id.* Consequently, *Hirsch v. Mastroianni*, 80 A.D.2d 633, 436 N.Y.S.2d 87 (1981), held that where a co-employee was not acting within the scope of employment at the time of the injuries, no immunity occurred. The court rejected the argument that the election of the workers' compensation benefits provided the exclusive remedy when a co-employee is involved in an accident. *Id.* 436 N.Y.S.2d at 88. Likewise, in *LeFever*

*v. Stultz,* 93 A.D.2d 794, 461 N.Y.S.2d 832 (1983), the court found that even though the employee received workers' compensation benefits, there remained a triable issue of fact as to whether the co-employee was acting in the scope of employment.

In this case, no determination has been made by the industrial commission that either Connors or Parsons was acting within the scope of employment at the time of the accident. Because the carrier accepted the claim the issue was simply never adjudicated. The court in *Associated Hosts of Georgia v. Manley,* 184 Ga.App. 352, 361 S.E.2d 496 (1987) held that where no adjudication by the workers' compensation board had been made, the doctrine of res judicata did not bar the employee receiving benefits from suing the employer. *Id.* 361 S.E.2d at 498.

Parsons cites *Shoopman v. Calvo,* 63 Wash.2d 627, 388 P.2d 559 (1964) to support her theory that a determination by the industrial commission that the accident occurred while an employee was in the scope of employment is res judicata. In *Shoopman,* the plaintiff accepted workers' compensation benefits and then sued the employer and co-employee, claiming he, the plaintiff, was not in the scope of employment at the time of the accident. *Id.* 388 P.2d at 560. The trial court held that plaintiff was within the scope of employment; the plaintiff did not appeal the finding that he was within the scope of employment.

If a determination is made by the industrial commission, it may be res judicata as to whether an employee claimant was acting within the scope of employment. However, such a determination does not preclude a finding that the co-employee-defendant was outside the scope of employment at the time of the accident. It is conceivable that two employees of the same company would be involved in a common accident while one is acting within the scope of employment and the other is not. In this case, we need not reach the res judicata issue. Because the carrier accepted the claim and Connors never litigated whether Parsons was acting within the scope of employment, Connors is not barred from bringing this tort action against Parsons. *Shoopman* is distinguishable because it involved an industrial commission adjudication.

■ A second related theory raised by Parsons is based on estoppel. Parsons claims that by accepting benefits, Connors is estopped from now claiming the accident occurred outside the scope of Connors' employment. In *Skelly Oil Co. v. District Court,* 401 P.2d 526 (Okl.1964), a widow received workers' compensation benefits and then sued the employer, claiming her husband was not an employee. The court held that the act of applying for and receiving benefits settles the question of employment status and that the widow would be estopped from claiming otherwise. *Id.* at 528.

Similarly, the court in *Mann v. Workman,* 181 Ga.App. 211, 351 S.E.2d 680 (1986), *aff'd,* 257 Ga. 70, 354 S.E.2d 831 (1987) held that the acceptance of workers' compensation benefits triggers the bar of a civil suit. The court held that having enjoyed the protection of workers' compensation, the plaintiff was estopped to deny coverage of the injury. *Id.* 351 S.E.2d at 682. It therefore found it unnecessary to determine if the accident arose in the scope of employment. *Id. See* O.C.G.A. 34-9-11. In *Skinner v. Martin,* 455 N.E.2d 1168 (Ind.App.1983) the court found that where an employee received workers' compensation benefits, the employee could not deny the injuries were outside the scope of employment and therefore the co-employee was immune from suit.

This case is similar to *Saala v. McFarland,* 63 Cal.2d 124, 45 Cal.Rptr. 144, 403 P.2d 400 (1965). The plaintiff in that case received workers' compensation benefits; however, the court found that because the co-employee was not acting in the scope of employment, workers' compensation was not the exclusive remedy. *Id.* 45 Cal.Rptr. at 148, 403 P.2d at 404. California's statute, like Arizona's, renders the co-employee immune from suit only if the co-employee is acting within the scope of employment. *Id.* 45 Cal.Rptr. at 145–46, 403 P.2d at 401–02.

In *Taylor v. Linville*, 656 S.W.2d 368 (Tenn.1983), the employee sued a co-employee after the employee received workers' compensation benefits. The court held that co-employees acting outside the scope of employment are not protected from liability. *Id.* at 370. The court found the issue a question of fact. *Id.* Also, in *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982), the court held that workers' compensation is the exclusive remedy only if the co-employee is acting within the scope of employment. The court in *Massey v. Selensky*, 212 Mont. 68, 685 P.2d 938 (1984) held that a co-employee is immune from suit after the employee accepts benefits only after it is determined that the co-employee was an employee within the scope of employment when the accident occurred. *Id.* 685 P.2d at 940.

Connors is indeed estopped, but only from claiming the accident occurred beyond the scope of *her* employment. Nothing presently prevents Connors from claiming Parsons was acting outside the scope of Parsons' employment.

■ The third theory advanced by Parsons is an election of remedies claim. Under A.R.S. § 23–1024, the election to receive benefits ordinarily waives the right to sue in tort. In *Kohler v. State Farm*, 416 N.W.2d 469 (Minn.Ct.App.1987), the court held that by pursuing benefits, the employee had elected a remedy and could not receive further compensation. The Minnesota statutes bar a negligence action against a co-employee when the employee elects workers' compensation benefits. *Id.* at 471. The Arizona courts have held that the acceptance of benefits is an election of remedies precluding suit against an *employer*. In *Sneed v. Belt*, 130 Ariz. 229, 635 P.2d 517 (App.1981), the court held that by electing to receive benefits, the employee waived the right to sue the employer.

Parsons' argument is therefore correct that Connors elected her remedy against the employer by receiving workers' compensation benefits. However, we disagree with the trial court that no further inquiry

is required regarding the co-employee. The language of the statute itself indicates that Connors waived her right to sue Parsons only if Parsons was acting in the scope of Parsons' employment. *See* A.R.S. § 23–1024(A). None of the above theories bars Connors from filing her suit against Parsons or seeking to show that the accident occurred when Parsons was acting outside the scope of her employment. We hold that under A.R.S. § 23–1024, a party who accepts workers' compensation benefits waives any tort remedies otherwise available against a co-employee only if it is determined that the co-employee was acting within the scope of employment at the time of the accident.

Accordingly, before waiver can occur, the trial court must determine whether Parsons was acting in the scope of her employment. General principles of employment law provide a point of departure for this analysis. While we do not mean to exhaust all the legal principles that may resolve this factual question, we mention a few which may be determinative.

■ Accidents that occur when an employee is going to or from work ordinarily are not within the course of employment. *Brooks v. Industrial Comm'n*, 136 Ariz. 146, 664 P.2d 690 (App.1983). It is equally true that an injury occurring during a trip to or from lunch is generally compensable only if sustained on the employer's premises. *P.B. Bell & Associates v. Industrial Comm'n*, 142 Ariz. 501, 690 P.2d 802 (App. 1984). Ordinarily a lunch time errand is treated akin to the going and coming rules:

> [W]hen the employee has a definite place and time of work, and the time of work does not include the lunch hour, the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day and should be governed by the same rules and exceptions.

1 Larson, Workmen's Compensation Law, § 15.51, 4–157 (1990).[1]

---

**1.** There is nothing in the record that indicates whether Parsons was paid for her lunch hour; therefore we do not address the possibility that

These general principles are preempted by an exception, however, the "dual purpose" doctrine. *See Faul v. Jelco, Inc.,* 122 Ariz. 490, 595 P.2d 1035 (App. 1979). The dual purpose exception applies where the employee performs a concurrent business service for the employer while doing a personal commute. *Id.* 122 Ariz. at 492, 595 P.2d at 1037. In order to constitute a concurrent service, the trip must have been necessary for the employer—i.e., sometime, someone would have to run this errand on the employer's behalf even if the parties' personal trip were canceled. *See Campbell v. Industrial Comm'n,* 165 Ariz. 583, 799 P.2d 1357 (App.1990). The business trip need not have been taken by these same parties at the same time that they actually took it but someone would eventually have to make the trip for the company. 1 Larson, Workmen's Compensation Law, § 18.13, 4–275 (1990). Once a dual purpose is found, the law does not separate the business and personal motives; the business motive colors the entire trip. *Id.* at 4–276.

Here, while almost all the other material facts are undisputed, the business necessity for the trip remains undeveloped in this record. The parties were delivering an accounts receivable printout to a customer. The customer was not located en route to lunch. Connors and Parsons were en route back to their place of employment when the accident occurred. On this record, we are unable to determine whether the business errand was one that someone at Digital would have to make at some time. *See Campbell, supra.* The only evidence about the purpose of the trip is Connors' deposition statement that the customer owed money and needed a current printout. This evidence does not resolve the question whether the printout delivery constituted a business necessity.

If a dual purpose exists, the trial court must next determine as a matter of law or via jury determination whether the parties abandoned *or so* deviated from their destination that they were no longer acting within the scope of employment at the time of the accident. *See Greenlaw Jewelers v. Industrial Comm'n,* 127 Ariz. 362, 621

P.2d 49 (App.1980). This matter is not resolvable on the briefs and may turn out to be a non-issue. To make this determination, however, the court must consider whether the length of any abandonment and nature of the activities during any abandonment precluded effective return to employment and added substantial risks to the continuation of the journey. *Fisher Contracting Co. v. Industrial Comm'n,* 27 Ariz.App. 397, 555 P.2d 366 (1976). Determination of these issues depends on presentation of further factual data to the trial court.

### CONCLUSION

We remand to the trial court for a determination whether Parsons was acting within the scope of her employment, i.e., whether her trip to deliver the printout was necessary for her employer. If it was, and if there was no deviation from the direct route back to their employment, Parsons was acting within the scope of her employment and Connors' receipt of worker's compensation benefits precludes her suit against Parsons. Parsons' request for attorneys' fees is denied.

KLEINSCHMIDT and LANKFORD, JJ., concur.

---

a paid lunch hour may be within the scope of employment.