850 P.2d 686

**Donald Clayton POOLE,**
**Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION**
**of Arizona, Respondent,**

**Chem–Clean, Inc., Respondent Employer,**

**State Compensation Fund,**
**Respondent Carrier.**

**No. 1 CA–IC 92–0048.**

Court of Appeals of Arizona,
Division 1, Department A.

April 13, 1993.

Jerome, Gibson, Stewart, Friedman & Stevenson by James L. Stevenson, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Jones, Skelton & Hochuli by Charles G. Rehling, Phoenix, for respondents Employer and Carrier.

OPINION

EHRLICH, Judge.

This is a review of an Industrial Commission award denying compensability because Donald Clayton Poole was injured during a personal errand that did not substantially benefit his employer, Chem–Clean. We must decide whether Poole's personal errand arose out of and in the course of his employment because he was subject to call and other alleged special circumstances. Because we find insufficient evidence of other special circumstances and Poole's errand remained personal despite his being subject to call, we affirm the award.

## FACTS AND PROCEDURAL HISTORY

Chem–Clean performed outside maintenance of commercial buildings. The work usually was done at night or on weekends but Chem–Clean required its employees to respond to calls 24 hours a day and, to this end, supplied them with pagers or two-way radios. It did not, however, provide vehicles for any persons but its owner and foreman and did not compensate employees for using personal vehicles or for their time traveling to and from work unless the job was outside Phoenix.

On May 11, 1991, Chem–Clean scheduled maintenance on buildings near Central Avenue and McDowell Road and at Central Avenue and Thomas Road in Phoenix. Poole worked at the former building and Chem–Clean's owner and foreman worked at the latter one. When Poole finished work at about 12:30 p.m., he contacted his supervisors on a two-way radio and was told that no other work was scheduled for the day. He then drove to the Central and Thomas job site and met the owner. According to Poole, he told the owner that he was going to get a haircut and go home; "if he had anything else for me going on, to let me know. And he just said, stay on the air."

Poole drove from the job site to his home. After cleaning himself up, he then drove to a hair salon located near Central and Thomas. After his haircut, while again driving home, he was in a serious vehicular accident. During the entire period after leaving the owner, Poole had remained on call but had not been contacted by Chem–Clean.

Based on this evidence, the administrative law judge ("ALJ") denied compensability. He found that Poole

> was not at work when injured. Strictly speaking, he was not going from work as he had already left work, gone home, showered and gone to get a haircut before he started on the journey in which he was injured. As a general rule, accidents occurring when an employee is going to or coming from work do not arise out of or occur in the course of employment.... While the employer may be deriving some benefit from the fact that [Poole] was subject to being called out, there is no showing that there was even a likelihood that he would have been called out later that day. Even if he had, the evidence would not support a finding that [Poole's] injury arose out of and in the course of his employment.

The award was affirmed on administrative review and Poole brought this special action.

## DISCUSSION

On review, Poole argues that the ALJ erred in denying his claim because, based upon the substantial benefits exception to the going-and-coming rule and the positional risk doctrine, his accident arose out of and in the course of his employment. We disagree that either this exception or this doctrine applies to this case.

The course of employment generally excludes going to and coming from work. *E.g., Pauley v. Industrial Comm'n,* 109 Ariz. 298, 300–01, 508 P.2d 1160, 1162–63 (1973); *Connors v. Parsons,* 169 Ariz. 247, 251, 818 P.2d 232, 236 (App. 1991); *accord* 1 Arthur Larson, *The Law of Workmen's Compensation,* § 15.00 (1992). An exception to this general rule applies if an employer compensates an employee for travel expenses and the totality of circumstances implies that "the employment can be considered to include travel itself as a substantial part of the service performed." *Fisher Contracting Co. v. Industrial Comm'n,* 27 Ariz.App. 397, 399, 555 P.2d 366, 368 (1976); *see also, e.g., Martin v. Industrial Comm'n,* 73 Ariz. 401, 405, 242 P.2d 286, 289 (1952) (required or compensated travel is part of employment).

In this case, substantial evidence supports the finding of the ALJ that Poole was not coming from work but, rather, coming from a haircut. However, assuming that Poole was coming from work, the substantial benefits exception to the going-and-coming rule is inapplicable for the simple reason that Chem–Clean did not compensate Poole for his travel time.

The positional risk doctrine "provides that an injury 'arises out of' the

employment if it would not have occurred *but for* the fact the employment placed plaintiff at that location at that particular time." *Circle K Store No. 1131 v. Industrial Comm'n,* 165 Ariz. 91, 94, 796 P.2d 893, 896 (1990) (emphasis original); *see* 1 Larson, *supra* § 6.50 at 3–6 to 3–7. Poole argues that his employment placed him where he was injured because Chem–Clean's owner instructed him to remain on call and directed him to a particular hair salon in order for Poole to be "time-available and proximally available."

The record supports the first claim. Chem–Clean subjected Poole to call 24 hours a day and its owner told Poole to remain on the air in case another job developed. The second claim, however, is totally unsupported. Poole's testimony does not even suggest, let alone compel, the inference that Chem–Clean's owner referred Poole to a hair salon for employment purposes. Indeed, the record does not indicate whether the employer remained at the Central and Thomas location after Poole departed.

Poole nevertheless suggests that he remained within the course of his employment during a personal errand because he was subject to call. We disagree.

Neither the parties nor we have found any Arizona case addressing the effect of being subject to call. Poole relies on § 24.21 of Larson's treatise, which addresses resident-employees who are both subject to call and injured on premises. *See* 1A Larson, *supra* § 24.21. The instant situation is more accurately covered by § 24.23, which addresses employees, both resident and nonresident, who are subject to call but injured off premises:

> Although an employee is continuously on call, an injury off the premises in the course of personal activity is not ordinarily considered to be within the Compensation Act. This rule has been applied to the basic going and coming trip ... and to various other personal errands.

1A Larson, *supra* § 24.23 at 5–247 to 5–249; *see Thorton v. Texarkana Cotton Oil Corp.,* 219 Ark. 650, 651–52, 243 S.W.2d 940, 941–42 (1951) (on-call building superin-

tendent injured on way home held noncompensable).

In addition, Larson addresses going and coming by an employee subject to call in a prior section:

> The circumstance that the employee is 'subject to call' should not be given any independent importance in the narrow field of going to and from work; the important questions are whether the employee was in fact on an errand pursuant to call, and what kind of errand it was.... [T]he mere fact that an employee is generally on call should not make a special errand of a normal going and coming trip that is not in response to a special call.

1 Larson, *supra* § 16.16 at 4–208.42 to 4–208.43.

We are persuaded that Larson's analysis is correct and applies to the personal errand in this case. Nothing but the fact that Poole was on call suggests anything but a personal errand. Accordingly, we affirm the award.

CONTRERAS and KLEINSCHMIDT, JJ., concur.