# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 15, 2002 Session

## DENVER J. WADDELL v. LAWRENCE M. OGLEDZINKSKI

**Appeal from the Circuit Court for Knox County**
**No. 1-411-00      Dale Workman, Judge**

**FILED DECEMBER 30, 2002**

**No. E2001-03131-COA-R3-CV**

In this appeal from the Knox County Circuit Court the Appellant, Denver J. Waddell, contends that the Trial Court erred in dismissing his case by grant of summary judgment upon grounds that the cause of action against the Appellee, Lawrence M. Ogledzinkski, is precluded by T.C.A. 50-6-108(a). We affirm the judgment of the Trial Court.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

April Carroll Meldrum, Clinton, Tennessee, for the Appellant, Denver J. Waddell

James S. MacDonald, Knoxville, Tennessee, for the Appellee, Lawrence M. Ogledzinkski

## OPINION

In March of 2000, Mr. Waddell, an employee of Pro-Temp Staffing (hereinafter "Pro-Temp") assigned to work at Plasti-Line, Inc. (hereinafter "Plasti-Line"), was walking in Plasti-Line's parking lot just after completing his work shift. At the same time Mr. Ogledzinkski, an employee of Plasti-Line who had also just completed his work shift, was driving his pickup truck in the parking lot and struck Mr. Waddell. Thereafter, Mr. Waddell filed a complaint in the Knox County Circuit Court in which he alleges that he suffered permanent injury as a result of the accident and that the accident occurred because Mr. Ogledzinkski failed to keep a proper lookout and was speeding and driving recklessly. In Mr. Ogledzinkski's answer to the complaint he alleges that the

---

[1]Oral argument was heard in this case on November 15, 2002, at Knoxville Fulton High School, as part of the Court's C.A.S.E. (**C**ourt of **A**ppeals **A**ffecting **S**tudent **E**ducation) project.

sole cause of the accident was Mr. Waddell's failure to maintain a proper lookout, failure to yield the right of way and failure to exercise due care for his own safety.

At approximately the same time he filed suit against Mr. Ogledzinkski, Mr. Waddell filed a worker's compensation action against Pro-Temp Staffing which was settled prior to trial.

On September 25, 2001, Mr. Ogledzinkski filed a motion for summary judgment seeking dismissal of Mr. Waddell's tort claim against him upon grounds that, pursuant to T.C.A. 50-6-108(a), the remedies available to Mr. Waddell under the Tennessee Workers' Compensation Law are exclusive and a common law negligence action, such as Mr. Waddell's, is, therefore, precluded. The Trial Court granted this motion by order entered November 15, 2001, and, thereafter, Mr. Waddell filed the present appeal.

In *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000), the Tennessee Supreme Court stated as follows with respect to the standard of review specifically applicable to summary judgments:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

In reviewing a trial court's decision to grant a motion for summary judgment our sole task is to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Mason v. Seaton*, 942 S.W.2d 470 (Tenn. 1997). In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993) at page 214 the Supreme Court recognized those factors which must be addressed under Rule 56:

> Rule 56 comes into play only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Thus, the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial. (emphasis in original)

The issues presented for our review in this appeal are restated as follows:

1. Whether the Trial Court improperly granted summary judgment in this case?

2. Whether the Trial Court properly dismissed Mr. Waddell's lawsuit upon grounds that it was barred by the exclusivity statute at T.C.A. 50-6-108(a)?

Mr. Waddell also requests that we address the issue of whether the Trial Court's decision to dismiss his complaint violates his rights under the Tennessee Constitution; however, we decline to address this issue because it was not raised prior to this appeal. *Sutton v. Bledsoe*, 635 S.W.2d 379 (Tenn. Ct. App. 1981).

Mr. Waddell correctly asserts that, though not specifically stated in its judgment, the Trial Court must necessarily have found that both he and Mr. Ogledzinkski were co-employees of Plasti-Line when the accident occurred and that the accident arose out of and in the course of their employment. T.C.A. 50-6-103(a) provides that "[e]very employer and employee subject to the Workers' Compensation Law shall, respectively, pay and accept compensation for personal injury or death by accident *arising out of and in the course of employment* without regard to fault as a cause of the injury or death." (emphasis supplied). Mr. Waddell further asserts that the Court must necessarily have found that the conduct for which Mr. Ogledzinkski seeks immunity under T.C.A. 50-6-108(a) arose out of his employment.

As we noted in *Tedder v. Union Planters Corporation*, an unreported opinion of this Court filed in Jackson on May 29, 2001, a temporary employee, such as Mr. Waddell, becomes a co-employee for purposes of workers' compensation if:

(a) the employee has made a contract of hire, express or implied, with the special employer;

(b) the work being done is essentially that of the special employer; and

(c) the special employer has the right to control the details of the work.

See *Winchester v. Seay*, 219 Tenn. 321, 409 S.W.2d 378, 381 (Tenn. 1966).

Given these criteria and the undisputed facts in the present matter, there is no doubt that Mr. Waddell and Mr. Ogledzinkski were co-employees of Plasti-Line. Although Mr. Waddell asserts that he was an employee of Pro Temp at the time of the accident, he does not deny that he was also an employee of Plasti-Line. Whether Mr. Waddell and Mr. Ogledzinkski were co-employees at Plasti-Line is not a disputed issue of material fact such as would preclude summary judgment.

Mr. Waddell contends that the Court's determination that Mr. Ogledzinkski was acting within the scope, or course, of his employment when the accident occurred was a determination of fact not appropriate to summary judgment. In support of this argument Mr. Waddell cites *Taylor v. Linville*, 656 S.W.2d 368 (Tenn. 1983).

In *Taylor* the plaintiff employee was injured when the defendant co-employee shot her in the foot with a pistol which he mistakenly believed was loaded with blanks. The plaintiff received workers' compensation benefits from the employer and also sought to collect damages in a common law tort action against the co-employee who had inflicted her injury. The trial court granted the defendant's motion for summary judgment upon grounds that the plaintiff's tort action was barred by T.C.A. 50-6-108. Upon appeal we reversed and remanded pursuant to our finding that the defendant was not immune under the statute because his actions were outside the course of his employment. Upon further appeal, the Supreme Court agreed that "a co-employee who causes injury *outside* the course of his employment is not protected from liability in common law tort actions arising out of the injury." (emphasis in original) However, the Court further determined that the question of whether the defendant was acting outside the course of his employment when he discharged the pistol was a contested question of fact properly answered only after a full hearing and, accordingly, remanded the case to the Trial Court. It is our conclusion that the *Taylor* case is distinguishable from the case now before us.

In *Taylor* the evidence in the record indicated that the defendant carried the pistol with which he shot the plaintiff in order to protect his employer's money when making night deposits; however, other evidence in the record indicated that the employer was unaware that the defendant was carrying a weapon and there was no indication in the record that the employer had requested that the defendant carry a weapon. Whether the defendant was carrying a weapon with his employer's knowledge and/or at his employer's request was a contested factual issue. Resolution of this issue was a prerequisite to finding whether the defendant was acting within the course of his employment. In the present case the facts necessary to a determination that Mr. Ogledzinkski was acting in the course of his employment are undisputed.

It is undisputed that, when he struck Mr. Waddell, Mr. Ogledzinkski was an employee of Plasti Line and was driving out of Plasti Line's parking lot after completing his work shift. In the case of *Lollar v. Wal-Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn. 1989), the Tennessee Supreme Court stated as follows at page 150:

> We hold today that a worker who is on the employer's premises coming to or going from the actual work place is acting in the course of employment. We further hold that if the employer has provided a parking area for its employees, that parking area is part of the employer's premises regardless of whether the lot is also available to customers or the general public. We agree with the statement of the New Mexico Supreme Court when it overruled its narrow "going and coming" rule, that
>
> > [i]n aligning ourselves with every other jurisdiction by adoption of the premises rule, we simply recognize that the "course of employment" includes not only the time for which the employee is actually paid but also a reasonable time during which the employee is necessarily on the

employer's premises while passing to or from the place where the work is
actually done.

*Dupper v. Liberty Mutual Ins. Co.*, 105 N.M. 503, 734 P.2d 743 (1987).

In light of the *Lollar* case, given the undisputed facts in the present matter there is no question that Mr. Oledzinkski was acting within the course of his employment when he struck Mr. Waddell.

Mr. Waddell argues that, even if Mr. Ogledzinkski was acting in the course of his employment when the accident occurred, before the Trial Court could properly dismiss the case it was also required to find that the conduct for which Mr. Ogledzinkski seeks immunity *arose out of* his employment. Mr. Waddell indicates that such a finding would have entailed a determination by the Court that negligent and reckless driving was a "hazard incident to [Mr.Ogledzinkski's] employment".

In the case of *Shubert v. Steelman*, 377 S.W.2d 940, 942 (Tenn. 1964) we noted the distinction between the phrases "arising out of" and "in the course of" as they appear in the context of workers' compensation law:

> "[I]n the course of" refers to time and place, and "arising out of," to cause or origin; and an injury by accident to an employee is "in the course of " employment if it happened while he was doing a duty he was employed to do; and it is an injury "arising out of" employment if caused by a hazard incident to such employment.

In his memorandum of law filed in the case below Mr. Waddell concedes that at the time of the accident both parties had exited to Plasti Line's parking lot after clocking out from work and that he was struck as Mr. Ogledzinkski was driving out of the parking lot. It is not asserted that Mr. Ogeldzinkski was driving in Plasti- Line's parking lot for any reason other than that was where he parked when performing work in furtherance of Plasti Line's business. One hazard incident to driving in the parking lot was the hazard of colliding with a pedestrian. Contrary to Mr. Waddell's contention, the Trial Court did not have to determine that Mr. Ogledzinkski's "own negligent and reckless driving" was a hazard incident to his employment. Rather, the Court need only have found that colliding with a pedestrian under the undisputed facts in this case was a hazard incident to Mr. Ogledzinkski's employment. Under the facts presented, it is our determination that reasonable minds must conclude that Mr. Ogledzinkski's conduct did arise out of his employment

The other issue we address in this appeal is whether Mr. Waddell's lawsuit was properly dismissed upon grounds that it is barred by the exclusivity rule which is set forth at T.C.A. 50-6-108(a) and provides as follows:

(a) The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

Mr. Waddell argues that T.C.A. 50-6-108 does not specifically preclude a common law negligence action against a co-employee and that such an action is allowed under T.C.A. 50-6-112(a) which states:

(a) When the injury or death for which compensation is payable under the Worker's Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or such injured worker's dependents, shall have the right to take compensation under such law, and such injured worker, or those to whom such injured worker's right of action survives at law, may pursue such injured worker's or their remedy by proper action in a court of competent jurisdiction against such other person.

Mr. Waddell maintains that the exclusivity rule is exclusive only as to the employer and anyone whose negligence might be imputed back to the employer. In support of this argument, Mr. Waddell cites the case of *Majors v. Moneymaker*, 270 S.W.2d 328 (Tenn. 1954), and asserts that the facts in that case are exemplary of the facts which compelled the courts to create co-employee immunity.

In *Majors* the plaintiffs, Elsie Majors and her husband, filed a common law negligence action against Elizabeth Moneymaker, for damages arising out of an automobile accident Ms. Moneymaker was driving the automobile involved in the accident and Ms. Majors was riding as a passenger. Both Ms. Majors and Ms. Moneymaker were employed by the same employer and were performing duties on behalf of the employer at the time of the accident. Both parties were injured in the accident and in consequence of their injuries they sought and received workers' compensation benefits from the employer's insurance carrier. Our Supreme Court was called upon to construe Code Sections 6859 and 6865 which correspond in all pertinent aspects to T.C.A. 50-6-108 and T.C.A. 50-6-112 respectively. The sole issue before the Court was whether Ms. Majors' tort suit against Ms. Moneymaker was precluded by the exclusivity rule then set forth at Code Section 6859, as asserted by Ms. Moneymaker by plea in abatement, or whether such suit was allowed by Code Section 6865 upon the ground that Ms. Moneymaker was "some person other than the employer." The Court determined that Ms. Major's suit was properly dismissed under the exclusivity rule and that Code Section 6865 did not allow suit by her against her co-employee as some person other than her employer.

Mr. Waddell contends that the Court's decision in *Majors* was determined by the fact that the employer would have been vicariously liable for the negligence of Ms. Moneymaker. Mr. Waddell's argument appears to be that the Court disallowed Ms. Majors' common law negligence action against Ms. Moneymaker because allowance of such action would have, in effect, constituted allowance of a common law negligence action against the employer in violation of the exclusivity rule and the language of T.C.A. 6865 limiting negligence actions to third parties other than the employer. We disagree with Mr. Waddell's analysis of *Majors*.

In *Majors* the Court acknowledged that Ms. Moneymaker's alleged negligence was chargeable to, and created legal liability for, the parties' employer, in the context of noting that an action for negligence against the employer was precluded under T.C.A. 6865 because of that portion of the statute which limits the action to "some person other than the employer." However, as Mr. Ogledzinkski asserts in his brief, the employer was not a defendant in the tort litigation and the tort litigation would not have created or increased the employer's liability for workers' compensation benefits.

We do not agree that the Court's decision in *Majors* was based upon its concern that the employer avoid vicarious liability, but rather upon its concern for the rights and expectations of a defendant co-employee with respect to benefits allowed such co-employee under the workers compensation law and its concern that there not be a disparity between the rights and remedies available to parties subject to that law.

In reaching its decision the Court noted that if Ms. Majors' suit against Ms. Moneymaker were allowed the insurance carrier which paid workers' compensation to both employees on behalf of the employer could recover all funds paid to Ms. Majors by means of a subrogation suit against Ms. Moneymaker as allowed by T.C.A. 6865. The Court observed that under this scenario, while Ms. Moneymaker would be limited in her recovery to the amount available to her in workers' compensation benefits, Ms. Majors and the employer/insurance carrier subrogated to her under the statute, could collect unlimited damages at common law.

The Court further stated as follows at page 331:

> The statute was never designed to permit the employer and his insurance carrier to sue employees for damages for negligent injuries arising out of and in the course of the employment. In all such cases the injured defendant employee sometimes suffering either death or total and permanent injuries would, by force of the statute, be required to surrender all his compensation benefits to the insurance carrier, and in many cases a sizeable amount in addition thereto by way of damages. This is certainly contrary to the spirit, if not the letter of the statute, in that the right of every employee to compensation is made to depend upon whether or not he is free from some proximate negligent act committed during his employment.

-7-

As set forth at T.C.A. 50-6-108(a), a participating employee is precluded from pursuing rights and remedies against the employer beyond those allowed under the workers' compensation law. In return for relinquishment of rights and remedies which would otherwise be available, the employee has the right to expect that he or she will not be subject to a common law negligence action by a co-employee for activity arising out of and in the course of employment. As our Supreme Court noted in the *Taylor v. Linville*, *supra* at page 370:

> If the employer is granted immunity from suit for injuries resulting from accidents in the workplace, the employee who accidently or negligently injures a fellow employee while carrying on the duties of his employer ought to be, and expects to be, shielded from liability in a common law action.

By the same token, the co-employee seeking to pursue such an action must realize that, in agreeing to participate in the workers' compensation system, under which he is allowed benefits from the employer without proving fault, he has agreed to accept those benefits as the limits of his compensation and should not expect to add to such benefits by suing a co-employee in a common law negligence action for injuries and conduct arising out of their employment.

Although Mr. Waddell asserts that "[i]n many cases, the Courts have refused to allow immunity" the only case he cites in support of this assertion *Garrison v. Graybeel*, 308 S.W.2d 375 (Tenn. 1957).

In *Garrison* the plaintiff employee, a carpenter, was treated by the defendant physician for a work related injury. The plaintiff alleged that, as a result of the defendant's negligence, he was left in a condition of partial paralysis. In response to the plaintiff's common law negligence action the defendant filed a plea in abatement in which he asserted that the plaintiff was estopped from maintaining the lawsuit because the plaintiff was already receiving workers' compensation benefits for his injuries and such benefits were exclusive under the law. Relying upon stipulations by the plaintiff that the defendant was retained by the plaintiff's employer to render medical services, the defendant asserted that he and the plaintiff were co-employees when the alleged negligence treatment occurred.

The Court designated the sole issue as being whether the defendant physician was "a 'third party' wrongdoer, or 'some person other than the employer', and for whose negligence there is legal liability for damages in favor of the injured employee." The Court determined that the plaintiff's lawsuit should be allowed even though the parties were co-employees and that the plaintiff and his employer were bound by the workers' compensation law, including the exclusivity rule and the requirement that common law negligence actions against a third party be limited to actions against some person other than the employer. However, the Court ended its opinion by distinguishing the facts in the case from the facts in *Majors v. Moneymaker*, *supra*, at page 381:

In that case [*Majors*] the plaintiff and the defendant were servants of the same corporation, engaged in the same or similar duties at the time of the accident. In the case at bar the plaintiff was a carpenter, while the defendant was a skilled physician, or supposed to be, and his services had no relation to the employer's business. It was wholly foreign to any work that was being performed by the plaintiff or any other employee. It does not control the question under consideration.

Later, in the case of *McAlister v. Methodist Hospital of Memphis*, 550 S.W.2d 240 (Tenn. 1977) the Tennessee Supreme Court assessed the *Garrison* case as follows at page 242:

The Court [in *Garrison*] permitted the suit against Dr. Graybeel and distinguished this case from *Majors v. Moneymaker, supra,* on the basis that in the latter case the employees were engaged in the same or similar duties at the time of the accident, whereas in *Garrison* the physician's services "had no relation to the employer's business." This case stands for the proposition that an injured workman may receive compensation under the act *and* sue the physician for negligent treatment of the compensable injury. It is, however, out of harmony with the general rule and must be confined to its own facts.(emphasis in original)

The *Garrison* case is an anomaly and applies only under certain specific circumstances. There is no indication that those circumstances are present in the case now before us.

Mr. Waddell also argues that the Trial Court's interpretation of T.C.A. 50-6-108 which prevents him from suing Mr. Ogledzinkski for negligence "destroys the plain language and intent of [T.C.A 50-6-112], to provide relief to the injured employee and his employer." In support of this argument Mr. Waddell cites *Millican v. Home Stores, Inc.*, 270 S.W.2d 372 (Tenn. 1954) and *Plough v. Premier Pneumatics, Inc.*, 660 S.W.2d 495 (Tenn. Ct. App. 1983).

The *Millican* case dealt with the interpretation of the then recently reenacted Code Section 6865. In *Millican,* the plaintiff was a widow whose husband had died in an automobile accident while acting pursuant to his employment. Without consent or knowledge of the employer, the plaintiff received settlement funds in the amount of $1,600.00 from two of several third parties who were potentially liable for the accident. The employer contended that the plaintiff's settlements destroyed its right to reimbursement from those third parties under Code Section 6865 and that it was, therefore, discharged from its obligations under the workers' compensation laws for the death of its employee. Our Supreme Court disagreed and determined that under Code Section 6865, as reenacted, the plaintiff was entitled to compromise third party claims without jeopardizing her right to maintain a workers' compensation action against the employer.

The *Millican* Court noted that, although in many instances where a third party is involved in an employee's injury the employee's damages exceed the limits of compensation allowed under the workers' compensation law, under prior law such employee was precluded from recovering all

damages suffered if he or she had accepted workers' compensation benefits. The Court determined that the purpose of the re-enactment of Code Section 6865 was to remedy this problem by allowing the injured employee to receive from the employer the amount allowed under workers' compensation law and to also assert a claim against an allegedly negligent third party for the full measure of damages suffered, subject to the employer's lien for workers compensation benefits paid. Mr. Waddell appears to argue that granting Mr. Ogledzinkski immunity is contrary to the purpose of the statute as determined by the Court in *Millican.*

Mr. Waddell also cites the more recent case of *Plough v. Premier Pneumatics, Inc., supra.* In *Plough* an injured employee filed tort actions against some, but not all, of several allegedly negligent third parties within the one year limitation period and his employer sought to bring actions against the remaining third parties within six months of the expiration of that one year. This Court disagreed with the appellees' argument that an employer may only sue third parties when the injured employee has failed to sue *any* third party within one year of the injury and determined that the employer's lawsuits were permitted under the statute. Mr. Waddell references the Court's determination that in enacting the statute the Legislature intended "to place the pecuniary loss on the author of the misfortune, thus allowing both employer and employee to benefit." Mr. Waddell asserts that allowance of his negligence action against Mr. Ogledzinkski will place the pecuniary loss in this case upon the author of the misfortune in accord with legislative intent.

We disagree that the Courts' analyses of legislative intent set forth in *Millican* and *Plough* require that we allow Mr. Waddell's present tort suit against Mr. Ogledzinkski. Neither of these case sanction a common law negligence action by one employee against another for injuries arising out of and in the course of their common employment. While recognizing the legislative intent that an injured employee receive full recovery of damages and that the pecuniary loss incurred by such employee be placed on the author of his misfortune, we must at the same time recognize the competing rights and expectations acquired by a co-employee subject to the workers' compensation law. As recognized by the courts of this state, one of these rights and expectations is that such co-employee not be subject to a tort suit by another employee for actions taken in furtherance of the employer's business.

For the foregoing reasons we affirm the judgment of the Trial Court and remand for collection of costs below. Costs of appeal are adjudged against Denver J. Waddell and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE